---

### DISTRICT COURT OF THE VIRGIN ISLANDS

### DIVISION OF ST. CROIX

---

DIANE PROSPER,

                **Plaintiff,**

   **v.**

BUREAU OF CORRECTIONS,
GOVERNMENT OF THE VIRGIN
ISLANDS, AND DIRECTOR RICK
MULLGRAV,

                **Defendants.**

**1:17-cv-00020**

---

TO:   **Martial A. Webster, Esq.**
       **Shari N. D'Andrade, Esq., AAG**
       **Venetia H. Velazquez, Esq., AAG**

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court upon Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF Nos. 124, 128), Plaintiff's Opposition (ECF No. 137), and Defendants' Reply (ECF No. 138).[1]

### I.     BACKGROUND

In 1995, Plaintiff, an African American, Caribbean female, began working for the Bureau of Corrections, and was eventually promoted to Assistant Warden (ECF No. 1; Compl. ¶¶ 3, 8). Plaintiff was allegedly assigned to perform duties of Acting Warden during

---

[1] As parties have consented to have this case referred to a magistrate judge and this case has been referred to a magistrate judge by a district judge (*see* ECF Nos. 43, 44), this dispositive matter is properly before the undersigned. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 2

various months from 2008 to 2009 and from 2014 to 2015. *Id.* ; Compl. ¶¶ 9-10. Plaintiff

alleges that, following the end of the 2008 temporary appointment, Mr. Keith Francois

became Warden and received $75,000.00 per year. *Id.* ; Compl. ¶ 14. Plaintiff further alleges

that Mr. Ira Phillip became Warden in 2011 and received $75,000.00 per year, as well as

Ms. Tracey Brown, from the mainland United States, in 2012, *id.*, Compl. ¶¶ 17-18; Mr. Basil

Richards, from the mainland U.S., the same year, receiving $85,000.00 per year, *id.*, Compl.

¶ 19; and Mr. Donald Redwood, from the mainland U.S., a few years later, receiving

$85,000.00 per year. *Id.*, Compl. ¶ 20.[2]

Plaintiff also alleges that she was appointed Acting Warden from October 21, 2014

to October 19, 2015 after Mr. Redwood resigned but was relieved from the appointment

after a female from the mainland U.S. assumed the position of Warden, receiving

$75,000.00 per year. *Id.* ; Compl. ¶ 22.

Plaintiff retired from the Bureau of Corrections in December 2015. *Id.* ; Compl. ¶ 7.

On February 24, 2016, Plaintiff filed a charge of discrimination with the Equal

Employment Opportunity Commission (ECF No. 128-1). In the section asking, "cause of

discrimination based on," Plaintiff marked the box indicating sex with an checkmark; all

other boxes indicating race, retaliation, color, national origin, religion, age, disability, or

other were not marked. *See id*. In the particulars' portion of the EEOC charge, Plaintiff

described the discrimination she faced:

- Pursuant to Title 7 Civil Rights Act of 1964

---

[2] In addition, Plaintiff alleges that Mr. Calvin Herbert was appointed as Acting Warden in 2016, receiving $85,000.00 per year. *Id.*; Compl. ¶ 23.

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 3

- Discrimination of sex
- Disparity of pay based on gender
- Equal Pay Act: Discrimination on gender
- Mr. Rick Mullgrav is denying my compensation based on my gender. I served in acting position for one year without being compensated. However, male individuals who served in acting positions were compensated.

*See id.*[3] Plaintiff received a Notice of Suit Rights from the EEOC dated January 31, 2017 indicating, "You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost" (ECF No. 1-1).

---

[3] Plaintiff also attached a letter to the EEOC Charge of Discrimination form providing a detailed account of the alleged discrimination she faced:

> On October 21, 2014 I was appointed to the Acting Warden position, where I served until October 19, 2015. To date I have not received compensation. However, **male** officers who served in acting positions were compensated: Mr. Melvin Sheppard, Mr. Deron Krauser, Mr. Dale Jeffers, Mr. Victor Graham and Mr. Joseph Dowdy. Although Mr. Mullgrav acknowledges this compensation due to me (document attached), he refuses to sign the PRF (personal requisition form) that I can be compensated. However, as recently as August 2015 he authorized compensation of Mr. Melvin Sheppard to be compensated for working in an acting capacity.
>
> I have sent Mr. Mullgrav a certified document dated January 20, 2016, asking him to stop the retaliation/ discrimination and to sign my document that I can be compensated, settling the matter at that level. However, Mr. Mullgrav did not respond to my request, more importantly he has not signed the document, although the document has been prepared from October 28, 2015 awaiting his signature.
>
> Mr. Mullgrav [sic] inaction in authorizing my paperwork and authorizing the **males** [sic] paperwork is discrimination and is causing a hardship and emotional stress on me and my family as a single mother. He continues these [sic] retaliation towards me using his position of authority in an abusive way

(ECF No. 128-1).

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 4

On April 27, 2017, Plaintiff filed a complaint for intentional discrimination against Defendants Bureau of Corrections, Government of the Virgin Islands, and Director Rick Mullgrav, alleging discrimination on the basis of gender and national origin, in violation of both Title VII of the Civil rights Act of 1964 and the Equal Pay Act of 1963 (ECF No. 1; Compl. ¶¶ 25, 28). Specifically, Plaintiff asserts that she was discriminated against in her rate of compensation and in promotion and hiring on the basis of gender and national origin. *Id.*; Comp. ¶¶ 15-24.

Defendants have filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, in which they seek dismissal for several reasons (ECF Nos. 124, 128). Specifically, Defendants argue that: (1) the Court lacks subject-matter jurisdiction to review Plaintiff's Title VII claims because she failed to exhaust administrative remedies and her claims are time-barred; (2) the Court lacks subject-matter jurisdiction to review Plaintiff's Title VII claims because exclusive jurisdiction rests before the court of appeals; (3) the Court lacks subject-matter jurisdiction to review Plaintiff's Equal Pay Act claim because she is not within the class of persons protected under the statute; (4) the Court must dismiss Title VII claims against Defendant Director Rick Mullgrav because he does not constitute an employer under Title VII; (5) the Court must dismiss claims against Defendant Mullgrav because he is entitled to qualified immunity; (6) the Court must dismiss claims against the Bureau of Corrections because it does not constitute a legal entity that may be separately sued; and (7) the Court lacks jurisdiction to review claims for punitive damages because punitive damages may not be assessed against the Government (ECF No. 128). Additionally,

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 5

Defendants argue that Plaintiff's demand for a jury trial must be stricken. *Id.* Plaintiff

opposes the Motion (ECF No. 137).

Before going further, the Court must note that Plaintiff agrees with the fourth, fifth,

sixth, and seventh grounds for dismissal, including the request to strike the jury demand.

Specifically, Plaintiff asserts

> [I] agree[] with Defendants' remaining arguments concerning Defendant Mulgrave and
> the Bureau of Corrections as defendants, and with regard to punitive damages against
> the Government of the Virgin Islands and jury trial against the Government. [I],
> nevertheless request[] that Defendants' motion with respect to [my] Title VII claim be
> denied

(ECF No. 137 at 6). Since Plaintiff concedes with Defendants' fourth, fifth, sixth, and seventh

grounds for dismissal, the Court will dismiss all claims against Defendant Mullgrav and the

Bureau of Corrections, as well as the punitive damages claim against the Government of the

Virgin Islands. *See*, *e.g.*, *Kerrigan v. Osuka Am. Pharm.*, Civil Action No. 4346, 2012 U.S. Dist.

LEXIS 157336, at *4 (E.D. Pa. Nov. 1, 2012) (dismissing claim with prejudice after Plaintiff

conceded in briefing on a motion to dismiss that claim lacked viability) In addition, the Court

will grant Defendants' request to strike the jury demand. Accordingly, the Court will focus its

attention on the first, second, and third grounds for dismissal based on lack of subject-matter

jurisdiction.

## II.    STANDARD OF REVIEW

The party asserting subject-matter jurisdiction has the burden of proof. *Lincoln*

*Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp.*

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 6

*v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). Under Fed. R. Civ. P. 12(b)(1), defendants may

facially or factually challenge subject-matter jurisdiction. *Id.* at 105 (citing *Common Cause of*

*Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009)). A facial challenge analyzes "an

alleged pleading deficiency," while a factual challenge analyzes "the actual failure of [a

party's] claims to [factually] comport with the jurisdictional prerequisites." *Id.* (quoting

*CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)) (cleaned up).

When reviewing a facial challenge, a court must only examine allegations in the

complaint and, if so, documents attached to it, "in the light most favorable to the plaintiff."

*Id.* (citing *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). When

reviewing a factual challenge, "[b]ecause at issue…[is the] very power to hear the case

there is substantial authority that the trial court is free to weigh the evidence and satisfy

itself as to the existence of its power to hear the case." *Mortensen v. First Federal Sav. and*

*Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). "[N]o presumptive truthfulness attaches to

plaintiff's allegations, and the existence of disputed material facts will not preclude the trial

court from evaluating for itself the merits of jurisdictional claims." *Id.* at 891. "A claim may

be dismissed under Rule 12(b)(1) only if it 'clearly appears to be immaterial and made

solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'"

*Gould Electronics Inc.*, 220 F.3d at 178.

As a preliminary matter, the court must determine whether the Rule 12(b)(1)

motion filed by Defendants raises a facial or factual challenge "because that distinction

determines how the pleading must be reviewed." *See Constitutional Party of Pennsylvania v.*

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 7

*Aichele*, 757 F.3d 347, 357 (3d Cir. 2014) (citing *In re Schering Plough Corp. Intron*, 678 F.3d 235, 243 (3d Cir. 2012)).

Defendants, here, attach numerous documents to their motion to dismiss, including an EEOC charge document filed on February 24, 2016 (ECF No. 128-1), a Notice of Personnel Action from the Bureau of Corrections (ECF No. 128-2), a Personnel Action Approval Document from the Bureau of Corrections (ECF No. 128-3), a Notice of Charge of Discrimination form from the EEOC dated March 31, 2016, depositions of Plaintiff herself (ECF Nos. 128-5-128-6), and a form detailing the job description of Assistant Prison Warden (ECF No. 128-7). Through these extraneous documents likely produced during discovery, Defendants seek to factually challenge Plaintiff's claims based on lack of subject-matter jurisdiction. *See, e.g.*, *Int'l Ass'n of Machinists & Aerospace Workers of Nw Airlines, Inc.*, 673 F.2d 700, 711 (3d Cir. 1982) (finding that since a motion to dismiss "was supported by a sworn statement of facts [] [i]t therefore must be construed as a factual, rather than a facial attack…."). Accordingly, the Court will construe Defendants' Rule 12(b)(1) motion as a factual challenge.

## III.    DISCUSSION

### A.  Applicable Legal Principles

Under Title VII of the Civil Rights Act of 1964, it is unlawful for an employer

> To discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment … or to limit … or classify his employees … in any way which would deprive … any individual of employment

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 8

> opportunities or otherwise adversely affect his status as an employee, because
> of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a)(1)-(2).

"A charge…shall be filed within one hundred and eighty days after the alleged

unlawful employment practice…." 42 U.S.C. § 2000e-5(e)(1). A party who "initially

instituted proceedings with a State or local agency" must file a charge of

discrimination with the EEOC within 300 days from when the alleged discriminatory

actions occurred and must file a complaint within ninety days after receiving a right-

to-sue letter from the EEOC. 42 U.S.C. §§ 2000e-5(e), (f)(1).

Title VII provides a definition of exempt political and non-exempt political

employees:

> The term "employee means an individual employed by an employer, except
> that the term "employee *shall not include*…an appointee on the policy making
> level or an immediate adviser with respect to the exercise of the constitutional
> or legal powers of the office. The exemption set forth in the preceding sentence
> shall not include employees subject to the civil service laws of a State
> government, government agency or political subdivision. [4]

42 U.S.C. § 2000e(f) (emphasis added).

The Government Employee Rights Act of 1991, a statute to be discussed as

well, "provide[s] procedures to protect the rights of certain government employees,

with respect to be free of discrimination on the basis of race, color, religion, sex,

national origin, age, or disability." 42 U.S.C. § 2000e-16a(b)

---

[4] In reciting the arguments of the parties above in this section, the Court notes that the parties improperly referred to the specific subsection as 42 U.S.C. § 2000e-2(f). The definition of employee under Title VII is found in 42 U.S.C. § 2000e(f).

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 9

The Equal Pay Act, another statute at issue, defines the term employee as

follows:

(1) Except as provided in paragraphs (2), (3), and (4), the term "employee" means any individual employed by an employer….
(C) any individual employed by a State, political subdivision, or agency of a State, or an interstate government agency, other than such an individual—
(i) who is not subject to the civil service laws of the State, political subdivision, or agency which employs him; and
(ii) who—
(I) holds a public elective office of that State, political subdivision, or agency,
(II) is selected by the holder of such an office to be a member of his personal staff,
(III) is appointed by such an officeholder to serve on a policymaking level,
(IV) is an immediate adviser to such an officeholder with respect to the constitutional or legal powers of his office, or
(V) is an employee in the legislative branch of that state, political subdivision, or agency and is not employed by the legislative library of such State, political subdivision, or agency.

29 U.S.C. § 203 (e)(2)(C)(i), (ii)(I)-(V). As evident by the words of the statute, the

Equal Pay Act lays out the class of individuals denoted as employees, and, *inter alia*,

classifies those serving in a policy making role as exempt individuals.[5]

## B. Analysis

### 1. Administrative Exhaustion

As a threshold matter, Defendants argue that Plaintiff failed to exhaust

administrative remedies for pleading claims in the complaint that she did not raise in

her EEOC charge (ECF No. 128 at 9). Specifically, Defendants allege that Plaintiff

raises for the first time in the complaint that she experienced intentional

---

[5] Title VII has a similar distinction as to those in policy making roles (see 42 U.S.C. § 2000e(f), as well as the GERA which will be discussed further below.

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 10

discrimination in promotion and hiring, as well as regarding the compensation she

received from 2009 to 2015 while serving as Acting Warden. *Id.* at 10.[6] In other

words, Defendants argue that the complaint "raises distinct acts of alleged

discrimination" (i.e., promotion and compensation) which "were never presented to

the EEOC…." *Id.* at 11.[7] Thus, Defendants conclude that these new and distinct claims

raised in the complaint, and not in the earlier EEOC charge, leave the Court without

subject-matter jurisdiction. *Id.* at 12.

       As to timeliness of the EEOC charge, Defendants assert that the acts of

discrimination alleged (i.e., from February 2012 to October 2015) had to have been

raised with the EEOC within 180 or 300 days in accord with Title VII, which Plaintiff

failed to do. *Id.* As a result, Defendants conclude that Plaintiff's failure to promote

claims are time-barred and, thus, the Court lacks subject-matter jurisdiction to decide

the Title VII claims. *Id.* at 13.

       In opposition, Plaintiff, taking umbrage with Defendant's use of exhibits in the

Motion, asserts that the Court must take the allegations in the complaint as true and

view them in the light most favorable to her (ECF No. 137 at 3). In addition, Plaintiff

argues that the Court may on rely on the four corners of the complaint. *Id.* And

---

[6] Defendants further assert that "Plaintiff's EEOC claim was based on a single act of alleged discrimination – the agency's failure to timely process paperwork necessary for her to receive her out-of-rank compensation for serving as acting warden from 2014 – 2015, a delay she claimed similarly situated males in acting positions had not faced." *Id.* at 11.
[7] In addition, Defendants assert that "the new and distinct claims" raised in the complaint "bear no relationship to the Plaintiff's post-retirement EEOC charge, and may not reasonably be regarded as logically within the scope of the EEOC investigation." *Id.*

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 11

Plaintiff continues that if the Court considers exhibits like those attached to

Defendants' Motion, it must convert the motion to dismiss to a motion for summary

judgment. *Id*. at 4. In end, Plaintiff states that her "EEOC complaint was broad enough

to encompass all of Plaintiff's claims," so she exhausted administrative remedies. *Id*.

Defendants reply that Plaintiff cannot cure the jurisdictional defects of her

administrative charge, and that no authority exists for Plaintiff's point that her

administrative charge "was broad enough to encompass the claims in her complaint"

(ECF No. 138 at 3).

Claims are administratively exhausted when "acts alleged in the subsequent

Title VII suit are fairly within the scope of the prior EEOC complaint, or the

investigation arising therefrom." *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996)

(quoting *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984)) (internal quotation

marks omitted). Simply put, "the parameters of the civil action in the district court are

defined by the scope of the EEOC investigation which can reasonably be expected to

grow out of the charge of discrimination." *Webb v. City of Phila.*, 562 F.3d 256, 263 (3d

Cir. 2009) (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-99 (3d Cir.

1976)) (internal quotation marks omitted). "Because the EEOC is required to serve

notice on the employer against whom the charges are made, this standard also allows

an employer to be put on notice of the claims likely to be filed against it." *Barzanty v.

Verizon PA, Inc.*, 361 Fed. App'x 411, 414 (3d Cir. 2010).

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 12

The Third Circuit has decided that "[a] district court may rule on a Rule 12(b)(1) motion when on the face of the pleadings it is clear that administrative remedies have not been exhausted, but this rule is 'inapplicable to the resolution of disputed issues of material fact with respect to the applicability of statutes of limitations.'" *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997) (citing *Hornsby v. United States Postal Service*, 787 F.2d 87, 89 (3d Cir. 1986)).

Before all else, Plaintiff's argument the Court must restrict itself to the four corners of the complaint and construe the allegations there as true and in the light most favorable to her misses the mark on the burden-shift inherent in a Rule 12(b)(1) motion. As declared above, this Court construes Defendants' Rule 12(b)(1) motion as a factual challenge, so the burden of proof, or persuasion, as to subject-matter jurisdiction shifts to the Plaintiff (i.e., the non-movant). *See Lincoln Benefit Life Co.* 800 F.3d at 105. And the Court analyzes whether Plaintiff's claims factually "comport with the jurisdictional prerequisites." *Id*. at 105. But the Court is constricted by the admonishment from the Third Circuit that it "may [only] rule on a Rule 12(b)(1) motion when on the face of the pleadings it is clear that administrative remedies have not been exhausted." *Robinson*, 107 F.3d at 1022. In other words, before determining that the Court lacks subject-matter jurisdiction over Title VII claims for failure to exhaust administrative remedies, it must be clear that the Plaintiff did not exhaust administrative remedies.

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 13

Returning to the pleading, the Notice of Suit Rights does not list the grounds for the EEOC charge, so the Court must necessarily examine the attachment in the Defendants' Motion from which the Notice of Suit is based (*see* ECF No. 1-1). As an omission necessary to note, the EEOC Charge of Discrimination does not list national origin as a cause of discrimination (ECF No. 128-1), so the Court finds it beyond objection that Plaintiff failed to put her employer on notice and a Title VII claim on the basis of national origin was not "within the scope of the prior EEOC complaint, or the investigation arising therefrom." *Barzanty*, 361 Fed. App'x at 414; *Antol* at 82 F.3d 1291. Even if the Court were to examine the particulars in the box below the options for causes of discrimination, the particulars do not hint at national origin whatsoever (*see* ECF No. 128-1)

It is clear from the EEOC charge that Plaintiff did make out a claim for "disparity of pay based on gender," the "Equal Pay Act," denial of "compensation based on [] gender," and compensation for similar situated males serving in acting positions. *See id*. The attachment to the Charge of Discrimination, *supra* n.3, provides a historic account of the claims above, including alleging retaliation. *Id*. Yet these claims focused on compensation and not hiring and promotion, and the Court finds that the latter two were not in the scope of the EEOC investigation as they were not distinctly and discretely alleged. So the only distinct and discrete claims that Plaintiff alleged in the EEOC charge was as to compensation and the Equal Pay Act. Following the tenets of *Robinson*, the Court is convinced that Plaintiff failed to exhaust

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 14

administrative remedies as to Title VII claims concerning national origin, promotion, and hiring, but is not convinced as to the compensation and Equal Pay Act claims. Thus, the Court, at first blush, would grant dismissal in part as to Title VII claims concerning national origin, promotion, and hiring, but deny dismissal in part as to Title VII claims concerning compensation and the Equal Pay Act claim. Nevertheless, whether subject-matter jurisdiction ultimately exists on the remaining Title VII claim concerning compensation and on the Equal Pay Act claim rests upon the other jurisdictional challenges raised by Defendants that follow.

Before concluding on this issue, however, the Court will gauge the subpoint to this threshold issue of whether Plaintiff's Title VII claims are time-barred. Under Title VII, a charge must "be filed within one hundred and eighty days after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1). On the other hand, Title VII also provides that

> in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on belief of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred….

*Id.* Plaintiff filed her EEOC charge on February 26, 2016 (ECF No. 128-1). Before Plaintiff retired from the Bureau of Corrections in December 2015, she pleads an incident on October 19, 2015, in which a male from the U.S. mainland was appointed as Warden, receiving $75,000.00 per year (ECF No. 1; Compl. ¶¶ 7, 22). Thus, Plaintiff

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 15

filed her EEOC charge within 130 days from the date of her last alleged incident of

intentional discrimination. As such, her Title VII claims, at least as to compensation,

would not be time-barred. Still, as mentioned above, the final determination as to

whether the Court lacks subject-matter jurisdiction to review Plaintiff's claims is

contingent upon analyzing the two issues that follow in tandem.

### 2.   Exclusive Jurisdiction with the Court of Appeals

As another preliminary matter, Defendants argue that the Plaintiff erroneously

rely on 42 U.S.C. § 2000e-2(a)(1) because that subsection of Title VII does not concern

employees like the Plaintiff (ECF No. 128 at 13). Specifically, 42 U.S.C. § 2000e-2(a)(1)

exempts classes of employees, like the Plaintiff, "appointed by an elected officer to

serve on a policy making level and who are not in the civil service." *Id.* (referencing 42

U.S.C. § 2000e-2(f)). Defendants, on the other hand, argue that Plaintiff falls within

the class of employees protected under the Government Employee Rights Act of 1991,

42 U.S.C. § 2000e-16 *et seq*. *Id.* Defendants continue that the courts of appeals are

vested with exclusive jurisdiction to consider claims of exempt political employees

like the Plaintiff. *Id.* at 14. Defendants end that the GERA requires Plaintiff, in the first

instance, to seek judicial review of a final order of an administrative agency in the

court of appeals, so this Court lacks subject-matter jurisdiction to entertain Title VII

claims of exempt political employees like the Plaintiff. *Id.* at 13-14.[8]

---

[8] In addition, Defendants detail that the GERA sets a 180-day deadline to file an EEOC charge, and, unlike for deadlines for non-exempt employees under Title VII, does not set a 300-day deadline to file an EEOC charge. *Id.* at 13 (referencing 42 U.S.C. § 2000e-16c(b)(1)).

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 16

In opposition, Plaintiff asserts that reliance on 42 U.S.C. § 2000e-2 *et seq*. is not misplaced because Plaintiff was categorized as a career employee—even while serving as Acting Warden—in the Bureau of Corrections, evinced by her entitlement to benefits under the Virgin Islands Personnel Merit System (ECF No. 137 at 4-7). In addition, Plaintiff cites to 3 V.I.C. § 570 to argue that, since she received career incentive pay, she was categorized as a career, or non-exempt, employee. *Id*. at 5. Plaintiff ends that although she was not considered as a regular employee under 3 V.I.C. § 451a(b)(8), she was still categorized as a career, or non-exempt, employee in the Bureau of Corrections. *Id*. at 6.

Defendants reply that the Virgin Islands Legislature has expressly "designated the position of Assistant Warden as an at-will political appointment, charged with the responsibility to administer or manage the prison." *Id*. at 13. Defendants add factual support from a deposition of the Plaintiff added as an attachment to their Motion that she conceded to serving as an exempt employee, appointed by the governor, in the Bureau of Corrections. *Id*. at 13. Defendants further assert that no dispute exists that Plaintiff, as an Assistant Warden, served as an employee in a policy making role, as she "[a]ssist[ed] in the formulation of policies, procedures and instruction as promulgated by the Prison Warden, as well as the administrative, responsible managerial staff work" and served as Acting Warden in the Warden's absence. *Id*. at 13-14. Defendants also assert that neither 3 V.I.C. § 374 nor 3 V.I.C. § 451a support that Plaintiff was a classified, civil service employee because the statutory provisions

therein do not provide exceptions to the classification of employees as exempt. *Id.* at

14. Defendants reassert that, because Plaintiff was not a civil service employee, her

reliance on 42 U.S.C. § 2000e-2 *et seq.* was misplaced; Plaintiff's claim falls under 42

U.S.C. § 2000e-16 *et. seq.* and Plaintiff failed to take the procedural step to file her

claims with the court of appeals, vested with exclusive jurisdiction over this issue. *Id.*

Thus, Defendants conclude that this Court lacks subject-matter jurisdiction over her

Title VII claims. *Id.*

Under the GERA, protections from discrimination are provided to state and

local government employees "chosen or appointed by a person elected to public

office…(1) to be a member of the elected official's personal staff; (2) to serve the

elected official on the policymaking level; or (3) to serve the elected official as an

immediate advisor with respect to the exercise of the constitutional or legal powers

of the office." 42 U.S.C. § 2000e-16c(a)(1)-(3).

Unlike most federal discrimination statutes, claims under the GERA require a

distinct procedural path. Once a party files a GERA complaint with the EEOC, the

EEOC "determine[s] whether a violation has occurred and shall set forth its

determination in a final order." 42 U.S.C. § 2000e-16c(b)(1). Once an aggrieved party

receives a final order, she may obtain judicial review "under chapter 158 of Title 28

[[the Administrative Orders Review Act, 28 U.S.C. §§ 2341-2353)]." *Id.* § 2000e-

16c(c). Surveying persuasive authority, the Third Circuit stated that courts

interpreting the GERA have declared that court of appeals retain exclusive

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 18

jurisdiction to review final orders from the EEOC involving GERA claims. *Depriest v. Milligan*, 828 F.3d 1179, 1183 n.3 (3d Cir. 2016) (referencing *Crain v. Butler*, 419 F. Supp. 2d 785, 788 (E.D.N.C. 2005); *Stitz v. City of Eureka Springs, Ark.*, 9 F. Supp. 2d 1046, 1056 (W.D. Ark. 1998); *Nack v. Walburg*, 715 F.3d 680, 686 (8th Cir. 2013)). To obtain judicial review, an aggrieved party must "within 60 days after entry [of the final order], file a petition to review the order in the court of appeals wherein venue lies." 28 U.S.C. § 2344.

First, as this is a factual challenge, the Court will glean the documents attached to Defendants' Motion to determine whether Plaintiff was a non-exempt or exempt employee for purposes of Title VII. In her deposition, Plaintiff states that being Assistant Warden involved "dealing with politics[,] so it's an exempt position…until a new administration come [sic] on" (ECF No. 128-6). Plaintiff also states that her exempt position is "an appointed position by the governor." *Id.* In the description for the Assistant Prison Warden position, the document states that the Assistant Prison Warden "assists in the formulation of policies, procedures and instruction as promulgated by the Prison Warden…." (ECF No. 128-7).

Title VII provides the definition of employee, as well as exemptions to the definition:

> The term "employee means an individual employed by an employer, except that the term "employee" *shall not include*…an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence

> shall not include employees subject to the civil service laws of a State government, government agency or political subdivision. [9]

42 U.S.C. § 2000e(f) (emphasis added).

Comparing the deposition and the Assistant Prison Warden description with the definition of employee, it is clear that Plaintiff is an exempt appointee on the policy making level. Plaintiff's use of V.I. legislation to argue otherwise ignores the facts gleaned from documents offered in the Defendants' Motion and the plain language of § 2000e(f).

The next inquiry is whether Plaintiff constitutes an employee under the GERA and, thus, must follow the procedural steps outlined in the statute. The GERA classifies the coverage of previously exempt State employees as follows:

> The rights, protections, and remedies provided pursuant to section 2000e-16(b) of this title shall apply with respect to employment of any individual chosen or appointed, by a person elected to public office in any State or political subdivision of any State by the qualified voters thereof—(2) to serve the elected official on the policymaking level.

42 U.S.C. § 2000e-16(c)(a)(2). Plaintiff, here, would fall under serving an elected official of the Bureau of Corrections, part of the executive branch, on a policy making level. Since Plaintiff serves as an employee for purposes of the GERA and she did not seek judicial review in the court of appeals, it follows that this Court is the incorrect

---

[9] In reciting the arguments of the parties above in this section, the Court notes that the parties improperly referred to the specific subsection as 42 U.S.C. § 2000e-2(f). The definition of employee under Title VII is found in 42 U.S.C. § 2000e(f).

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 20

forum for her Title VII claims. Thus, this Court lacks subject-matter jurisdiction to

entertain Plaintiff's Title VII claims.

### 3. Class of Employees Protected Under the Equal Pay Act

As the final threshold matter, Defendants argue that Plaintiff does not fall within the

definition of employee under the Equal Pay Act because the statute exempts employees

who are not civil service employees (ECF No. 128 at 15). Specifically, Defendants assert

that Plaintiff, in her capacity as Assistant Warden and Acting Warden, served in a

policymaking role, which further evinces an exemption under the Equal Pay Act. As such,

Defendants conclude that the Court lacks subject-matter jurisdiction to review the Equal

Pay Act claim. *Id.*

In opposition, Plaintiff asserts the same arguments as alleged in issue two that she

was categorized as a career service employee in the Bureau of Corrections (ECF No. 137 at

6).

Defendants reply asserting the same arguments as those alleged in issue two that

Plaintiff is clearly a political appointee conducting policymaking work, which constitutes a

statutory exemption to the definition of employee (ECF Nos. 138 at 11-15).

The Equal Pay Act exempts from the definition of "employee" an individual who "is

appointed by such an officer to serve on a policymaking level." 29 U.S.C. § 203

(e)(2)(C)(III).

Similarly, the Court could look to the deposition and Assistant Prison Warden job

description (*see* ECF Nos. 128-6, 128-7) to conclude that Plaintiff served in a policymaking

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 21

role, which would exempt her under the definition of employee in the Equal Pay Act.

Accordingly, this Court lacks subject-matter jurisdiction to review the Equal Pay Act claim.


## IV.    CONCLUSION

For the reasons mentioned, the Court grants Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction as to all Plaintiff's claims, and, in addition, strikes the jury demand.

WHEREFORE, it is now hereby **ORDERED**:

1. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 124) is **GRANTED**.

2. Defendants' request to strike the jury demand is **GRANTED**.

ENTER:


Dated: February 8, 2021                    /s/ George W. Cannon, Jr.
                                           GEORGE W. CANNON, JR.
                                           U.S. MAGISTRATE JUDGE