<div style="border:1px solid black; text-align:center;">

**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

</div>

| | |
|---|---|
| **DIANE PROSPER,** | **1:17-cv-00020** |
|       **Plaintiff,** | |
|   **v.** | |
| **BUREAU OF CORRECTIONS, GOVERNMENT OF THE VIRGIN ISLANDS, AND DIRECTOR RICK MULLGRAV,** | |
|       **Defendants.** | |

**TO:**   **Martial A. Webster, Esq.**
       **Venetia H. Velazquez, Esq., AAG**

<u>**MEMORANDUM OPINION AND ORDER**</u>

THIS MATTER is before the Court upon Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF Nos. 124, 128), Plaintiff Diane Prosper's Response (ECF No. 137), Defendants' Reply (ECF No. 138), and parties' supplemental briefs (ECF Nos. 143, 144).[1]

### I. BACKGROUND

In 1995, Prosper, an African American, Caribbean female, began working for the Defendant Bureau of Corrections, and was eventually promoted to Assistant Warden (ECF No. 1; Compl. ¶¶ 3, 8). Prosper was allegedly assigned to perform duties of Acting Warden

---

[1] As parties have consented to have this case referred to a magistrate judge and this case has been referred to a magistrate judge by a district judge (*see* ECF Nos. 43, 44), this dispositive matter is properly before the undersigned. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 2

during various months from 2008 to 2009 and from 2014 to 2015. *Id.* ; Compl. ¶¶ 9-10.

Prosper alleges that, following the end of the 2008 temporary appointment, Mr. Keith

Francois became Warden and received $75,000.00 per year. *Id.* ; Compl. ¶ 14. Prosper

further alleges that Mr. Ira Phillip became Warden in 2011 and received $75,000.00 per

year, as well as Ms. Tracey Brown, from the mainland United States, in 2012, *id.*, Compl. ¶¶

17-18; Mr. Basil Richards, from the mainland U.S., the same year, receiving $85,000.00 per

year, *id.*, Compl. ¶ 19; and Mr. Donald Redwood, from the mainland U.S., a few years later,

receiving $85,000.00 per year. *Id.*, Compl. ¶ 20.[2]

Prosper also alleges that she was appointed Acting Warden from October 21, 2014

to October 19, 2015 after Mr. Redwood resigned but was relieved from the appointment

after a female from the mainland U.S. assumed the position of Warden, receiving

$75,000.00 per year. *Id.* ; Compl. ¶ 22.

Prosper retired from the Defendant Bureau of Corrections in December 2015. *Id.* ;

Compl. ¶ 7.

On February 24, 2016, Prosper filed a charge of discrimination with the Equal

Employment Opportunity Commission (ECF No. 128-1). In the section asking, "cause of

discrimination based on," Prosper marked the box indicating sex with a checkmark; all

other boxes indicating race, retaliation, color, national origin, religion, age, disability, or

---

[2] In addition, Plaintiff alleges that Mr. Calvin Herbert was appointed as Acting Warden in 2016, receiving $85,000.00 per year. *Id.*; Compl. ¶ 23.

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 3

other were not marked. *See id.* In the particulars' portion of the EEOC charge, Prosper

described the discrimination she faced:

- Pursuant to Title 7 Civil Rights Act of 1964
- Discrimination of sex
- Disparity of pay based on gender
- Equal Pay Act: Discrimination on gender
- Mr. Rick Mullgrav is denying my compensation based on my gender. I served in acting position for one year without being compensated. However, male individuals who served in acting positions were compensated.

*See id.*

Prosper attached a letter to the EEOC charge of discrimination alleging that she sent

Defendant Rick Mullgrav "a certified document dated January 20, 2016" which "ask[ed] him

to stop the retaliation/ discrimination and to sign the document that [she could] be

compensated...[, but] Mr. Mullgrav did not respond to [her] request" (ECF No. 128-1). In

addition, Prosper alleged in the letter that Mullgrav's "inaction in authorizing [her]

paperwork and authorizing the male [sic] paperwork is discrimination....[and] retaliation

towards [her]...." *Id.*

Prosper received a Notice of Suit Rights from the EEOC dated January 31, 2017

indicating, "You may file a lawsuit against the respondent(s) under federal law based on

this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your**

**receipt of this notice**; or your right to sue based on this charge will be lost" (ECF No. 1-1).

On April 27, 2017, Prosper filed a complaint for intentional discrimination against

Defendants Bureau of Corrections, Government of the Virgin Islands, and Director Rick

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 4

Mullgrav, alleging discrimination on the basis of gender and national origin, in violation of

both Title VII of the Civil rights Act of 1964 and the Equal Pay Act of 1963 (ECF No. 1;

Compl. ¶¶ 25, 28). Specifically, Prosper asserts that she was discriminated against in her

rate of compensation and in promotion and hiring on the basis of gender and national

origin. *Id.* ; Comp. ¶¶ 15-24.

Defendants have filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction, in

which they seek dismissal for several reasons (ECF Nos. 124, 128). Specifically, Defendants

argue that: (1) the Court lacks subject-matter jurisdiction to review Prosper's Title VII

claims because she failed to exhaust administrative remedies and her claims are time-

barred; (2) the Court lacks subject-matter jurisdiction to review Prosper's Title VII claims

because exclusive jurisdiction rests before the court of appeals; (3) the Court lacks subject-

matter jurisdiction to review Prosper's Equal Pay Act claim because she is not within the

class of persons protected under the statute; (4) the Court must dismiss Title VII claims

against Defendant Director Rick Mullgrav because he does not constitute an employer

under Title VII; (5) the Court must dismiss claims against Defendant Mullgrav because he is

entitled to qualified immunity; (6) the Court must dismiss claims against Defendant Bureau

of Corrections because it does not constitute a legal entity that may be separately sued; and

(7) the Court lacks jurisdiction to review claims for punitive damages because punitive

damages may not be assessed against the Government (ECF No. 128). Additionally,

Defendants argue that Prosper's demand for a jury trial must be stricken. *Id.* Prosper filed a

Response, opposing and conceding to the reasons above (ECF No. 137).

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 5

Before going further, however, the Court must note that Prosper agrees with the

fourth, fifth, sixth, and seventh grounds for dismissal, including the request to strike the

jury demand. Specifically, Prosper asserts

> [I] agree[] with Defendants' remaining arguments concerning Defendant Mulgrave and
> the Bureau of Corrections as defendants, and with regard to punitive damages against
> the Government of the Virgin Islands and jury trial against the Government. [I],
> nevertheless request[] that Defendants' motion with respect to [my] Title VII claim be
> denied

(ECF No. 137 at 6). Since Prosper concedes with Defendants' fourth, fifth, sixth, and seventh

grounds for dismissal, the Court will dismiss all claims against Defendants Director Rick

Mullgrav and the Bureau of Corrections, as well as the punitive damages claim against the

Government of the Virgin Islands. *See*, *e.g.*, *Kerrigan v. Osuka Am. Pharm.*, Civil Action No.

4346, 2012 U.S. Dist. LEXIS 157336, at *4 (E.D. Pa. Nov. 1, 2012) (dismissing claim with

prejudice after plaintiff conceded in briefing on a motion to dismiss that claim lacked

viability). In addition, the Court will grant Defendants' request to strike the jury demand.

Accordingly, the Court will focus its attention on the first, second, and third grounds for

dismissal. But before doing so, the Court continues with the posture of the case.

After vacating a Memorandum Opinion and Order, the Court ordered supplemental

briefing on two issues not previously addressed by the parties: (1) whether *Fort Bend*

*County v. Davis*, 139 S. Ct. 1843 (2019)—in which the United States Supreme Court held

that Title VII's charge-filing requirement is not jurisdictional but, instead, claims-

processing—affects the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 6

Defendants; and (2) whether the EEOC issued a final order and, if not, whether a

procedural defect occurred at the administrative level (ECF No. 142).[3]

In supplemental briefing, Prosper raises several points. First, she argues that the

EEOC took more than 180 days from the filing of her claim to issue a right-to-sue letter and

there exists no evidence that it filed a civil action against Defendant Bureau of Corrections,

so no procedural defect occurred (ECF No. 144 at 4-5). Second, Prosper argues that since

jurisdictional facts are in dispute the Court cannot dismiss for lack of subject matter

jurisdiction. *Id.* at 5. Third, Prosper argues that being an exempt employee does not

preclude her from seeking relief under Title VII. *Id.* at 6. Lastly, Prosper asserts that, as *Fort

Bend* mandates that the charge-filing requirement of Title VII is claims-processing and

Defendants waived the objection by taking three years to file this action, the Court must

deny the Rule 12(b)(1) motion. *Id.* at 7-8.

In supplemental briefing, Defendants raise several propositions. First, they argue

that *Fort Bend* does not apply to this case because Prosper is an employee for purposes of

the GERA and not under Title VII, and the Court does not have jurisdiction to entertain

claims under the GERA (ECF No. 143 at 1-4). Second, Defendants argue that even under

---

[3] In citing to *Crowder v. North Carolina Administrative Office of Courts*, 374 F. Supp. 3d 539 (E.D.N.C. 2019), the Court stated that when the Government Employee Rights Act of 1991, as opposed to Title VII, applies—as argued by Defendants—the EEOC appoints an Administrative Law Judge to adjudicate an employee's claim (ECF No. 142). Then the ALJ issues findings of fact and conclusions of law and may provide relief under 29 C.F.R. § 1603.217(a). *Fisher v. New York State Dep't of Law*, 812 F.3d 268, 279 (2d Cir. 2016). An aggrieved party may appeal the ALJ's ruling to the EEOC, and then a final order is issued under 29 C.F.R. § 1603.306 which is appealable to the court of appeals. *Id.* at 279. Since the EEOC did not follow this procedure in this case and, instead, issued a right-to-sue letter (see ECF No. 1-1 ("Notice of Suit Rights")), the Court posed the issue of whether a procedural defect arose at the administrative level (ECF No. 142).

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 7

*Fort Bend* dismissal is warranted because they timely raised—in their answer and Rule

12(b)(1) motion—Prosper's failure to file claims before the EEOC and failure to exhaust

administrative remedies. *Id.* at 1, 4-8. Third, Defendants argue that the Court still has

jurisdiction to dismiss the complaint because Prosper failed to allege discrete facts of

discrimination before the EEOC within "applicable time periods" or before this Court "(if

applicable)." *Id.* at 1, 4-9. Lastly, Defendants assert that the Court cannot decide the

propriety of a final order by the EEOC because Prosper did not file a GERA claim and only

the court of appeals may entertain GERA claims. *Id.* at 1-2, 9-10. With supplemental

briefing, this matter is ripe for adjudication.


## II. DISCUSSION

### A. STANDARDS OF REVIEW

In *Fort Bend County v. Davis*, 139 S. Ct. 1843 (2019), the United States Supreme

Court held that Title VII's administrative exhaustion requirement is "not a jurisdictional

prescription delineating the adjudicatory authority of courts," but instead a claim-

processing rule subject to waiver or forfeiture. *Fort Bend County*, 139 S. Ct. 1843, 1850-51.

Shortly after, the Third Circuit relied on *Fort Bend* to hold that the first-to-file bar of the

False Claims Act was not jurisdictional because Congress did not clearly delineate the rule

this way. *In re Plavix Marketing, Sales Practices and Products Liability Litigation v. Sanofi-*

*Aventis U.S. LLC*, 974 F.3d 228, 232 (3d Cir. 2020). The Third Circuit also rejected

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 8

defendants' argument that their motion to dismiss fell under Rule 12(b)(1) and, instead,

analyzed the motion on the merits under Rule 12(b)(6). *Id.* at 233.

Other federal courts have followed suit by refusing to interpret employment

discrimination statutes as jurisdictional absent congressional intent and construing Rule

12(b)(1) motions as Rule 12(b)(6) motions. *See, e.g.*, *Vazquez v. Kiewit Infrastructure West,

Co.*, Civ. No. 19-00513 HG-WRP, 2020 WL 2842671, at *4 (D. Haw. Jun. 1, 2020) (deciding

that "Fed. R. Civ. P. 12(b)(1) is irrelevant to administrative exhaustion of employment

discrimination claims" because "federal courts have subject matter jurisdiction over

employment discrimination claims brought pursuant to Title VII of the Civil Rights Act of

1964...."); *Carter v. Montgomery Cnty., Md.*, No. TDC-18-2249, 2019 WL 3804765, at *2 (D.

Md. Aug. 13, 2019) (construing a Rule 12(b)(1) motion as a Rule 12(b)(6) motion);

*Francisco v. Cooper Tire & Rubber Company*, No. 4:19-cv-4058, 2019 WL 3937638, at * 3

(W.D. Ark. Aug. 20, 2019) (same); *Williams v. Wolf*, No. 19-cv-00652-JCS, 2019 WL

6311381, at *8 (N.D. Cal. Nov. 25, 2019) (same).

The Supreme Court has penned the final word, so the Court must construe Title

VII's exhaustion requirement under Rule 12(b)(6) instead of under Rule 12(b)(1). Federal

Rule of Civil Procedure 12(b)(6) calls for dismissal of a complaint if it "fail[s] to state a

claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Third Circuit, as

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 9

articulated in *Connelly v. Lane Const. Corp.*, follows the analysis established by the Supreme

Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal* when considering a motion under

Rule 12(b)(6):

> Under the pleading regime established by *Twombly* and *Iqbal*, a court
> reviewing the sufficiency of a complaint must take three steps. First, it must
> "tak[e] note of the elements [the] plaintiff must plead to state a claim." Second,
> it should identify allegations that, 'because they are no more than conclusions,
> are not entitled to the assumption of truth.' Finally, '[w]hen there are well-
> pleaded factual allegations, [the] court should assume their veracity and then
> determine whether they plausibly give rise to an entitlement to relief.'

*Connelly*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))

(internal citations omitted). *See also Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d

Cir. 2011) (stating that when ruling on a motion to dismiss for failure to state a claim under

Rule 12(b)(6), courts accept a plaintiff's "factual allegations as true, [and] construe the

complaint in the light most favorable to the plaintiff.") (internal quotation and citation

omitted).

At the Rule 12(b)(6) stage, "courts generally consider only the allegations contained

in the complaint, exhibits attached to the complaint and matters of public record." *Pension

Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (internal

citations omitted).

### B. APPLICABLE LEGAL PRINCIPLES

Under Title VII of the Civil Rights Act of 1964, it is unlawful for an employer

> To discriminate against any individual with respect to his compensation, terms,
> conditions, or privileges of employment … or to limit … or classify his employees
> … in any way which would deprive … any individual of employment

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 10

> opportunities or otherwise adversely affect his status as an employee, because
> of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a)(1)-(2).

"A charge…shall be filed within one hundred and eighty days after the alleged

unlawful employment practice…." 42 U.S.C. § 2000e-5(e)(1). A party who "initially

instituted proceedings with a State or local agency" must file a charge of

discrimination with the EEOC within 300 days from when the alleged discriminatory

actions occurred and must file a complaint within ninety days after receiving a right-

to-sue letter from the EEOC. 42 U.S.C. §§ 2000e-5(e), (f)(1).

Title VII provides a definition of exempt political and non-exempt political

employees:

> The term "employee means an individual employed by an employer, except
> that the term "employee" *shall not include*…an appointee on the policy making
> level or an immediate adviser with respect to the exercise of the constitutional
> or legal powers of the office. The exemption set forth in the preceding sentence
> shall not include employees subject to the civil service laws of a State
> government, government agency or political subdivision. [4]

42 U.S.C. § 2000e(f) (emphasis added).

The Government Employee Rights Act of 1991, a statute to be discussed as

well, "provide[s] procedures to protect the rights of certain government employees,

---

[4] In reciting the arguments of the parties above in this section, the Court notes that the parties improperly
referred to the specific subsection as 42 U.S.C. § 2000e-2(f). The definition of employee under Title VII is
found in 42 U.S.C. § 2000e(f).

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 11

with respect to be free of discrimination on the basis of race, color, religion, sex,

national origin, age, or disability." 42 U.S.C. § 2000e-16a(b).[5]

The Equal Pay Act, another statute at issue, defines the term employee as

follows:

> (1) Except as provided in paragraphs (2), (3), and (4), the term 'employee' means
> any individual employed by an employer....
> (C) any individual employed by a State, political subdivision, or agency of a
> State, or an interstate government agency, other than such an individual—
> (i) who is not subject to the civil service laws of the State, political
> subdivision, or agency which employs him; and
> (ii) who—
> (I) holds a public elective office of that State, political subdivision, or agency,
> (II) is selected by the holder of such an office to be a member of his personal
> staff,
> (III) is appointed by such an officeholder to serve on a policymaking level,
> (IV) is an immediate adviser to such an officeholder with respect to the
> constitutional or legal powers of his office, or
> (V) is an employee in the legislative branch of that state, political subdivision,
> or agency and is not employed by the legislative library of such State, political
> subdivision, or agency.

29 U.S.C. § 203 (e)(2)(C)(i), (ii)(I)-(V). As evident by the words of the statute, the

Equal Pay Act lays out the class of individuals denoted as employees, and, *inter alia*,

classifies those serving in a policy making role as exempt individuals.[6]

## C. DEFENDANTS' TITLE VII ADMINSTRATIVE EXHAUSTION ARGUMENT HAS NOT BEEN WAIVED OR FORFEITED

The first question is whether Defendants waived or forfeited an exhaustion

argument. Prosper argues that even though Defendants raised failure to exhaust

---

[5] The Court will extrapolate on the GERA in a later section.
[6] Title VII has a similar distinction as to those in policy making roles (*see* 42 U.S.C. § 2000e(f)), as well as the GERA which will be discussed further below.

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 12

administrative remedies in their answer, they forfeited the objection by raising the

jurisdictional issue three years after the action has been filed (ECF No. 144 at 7).

Defendants assert that they timely asserted failure to exhaust administrative remedies

both in their Answer and in the Motion at hand (ECF No. 143 at 8).

A federal court in the District of Columbia found that a defendant did not waive or

forfeit an exhaustion argument when raised "in [the] first substantive motion…." *Tumblin v.*

*Barr*, No. 19-cv-2204 (DLF), 2020 WL 7078826, at *3 (D.D.C. Dec. 3, 2020). Defendants here

raised their exhaustion argument not only in their answer, but also in the motion to dismiss

at hand. Accordingly, Defendants did not waive or forfeit their administrative exhaustion

argument.

### D. *FORT BEND* APPLIES TO GERA CLAIMS[7]

As a preliminary matter, assuming Prosper is an employee under the GERA, the

Court must address whether *Fort Bend* applies to GERA claims. Defendants argue that *Fort*

*Bend* "clearly distinguishes its claims-processing determination for Title VII and other

claims (such as those under GERA) in which Congress expressly assigned adjudication first

to the administration agency and reserved only judicial review to the courts" (ECF No. 143

at 6-7). In addition, Defendants assert that "[t]he limitations announced in Fort Bend does

not apply to GERA claims, which are *jurisdictional*…." *Id.* (emphasis added). Prosper does

not discuss whether *Fort Bend* is inapplicable to GERA claims (*see generally* ECF No. 144).

---

[7] After conducting research, the Court believes that this issue is one of first impression.

The word "jurisdiction" has been "reserved for prescriptions delineating the classes of cases a court may entertain (subject-matter jurisdiction) and the person over whom the court may exercise adjudicatory authority (personal jurisdiction)." *Fort Bend*, 139 S. Ct. at 1848 (citing *Kondrick v. Ryan*, 540 U.S. 443, 455 (2004)). "Congress may make other prescriptions jurisdictional by incorporating them into a jurisdictional provision, as Congress has done with the amount-in-controversy requirement for federal-court diversity jurisdiction." *Id.* (referencing 28 U.S.C. § 1332(a)). Recently, the Third Circuit decided that the first-to-file bar of the False Claims Act was not jurisdictional because, if so, Congress "would have logically placed the bar in one of the two other sections that mention jurisdiction….[but] [i]nstead, Congress put [the first-to-file bar] alongside other run-of-of-the-mill procedural rules." *In re Plavix Marketing, Sales Practices and Products Liability Litigation*, 974 F.3d at 232 (referencing 31 U.S.C. § 3730(b)(2)).

Under 42 U.S.C. § 2000e-16c(b)(1), a GERA plaintiff may file a complaint with the EEOC no later than 180 days after the alleged violation occurred. Examining similar charge-filing requirements, the *Fort Bend* Court held that "Title VII, § 2000e-5(e)(1) and (f)(1)… 'd[o] not speak to a court's authority' or 'refer in any way to the jurisdiction of the district court's,'" and "[i]nstead… 'speak to … a party's procedural obligations.'" *Fort Bend*, 139 S. Ct. at 1850-51 (citations omitted). Similarly, the requirement under the GERA to file a complaint with the EEOC within 180 days of the occurrence speaks to a procedural obligation as opposed to this Court's authority.

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 14

If § 2000e-16c(b)(1) spoke to the court's authority Congress's intent may be

gleaned, but that is not the case in this provision. It is true that § 2000e-16c(b)(2)(c), a

provision on judicial review, states that "[a]ny party aggrieved by a final order may obtain a

review of such order under chapter 158 of title 28." 42 U.S.C. § 2000e-16c(b)(2)(c). And 28

U.S.C. § 2344 states that "[a]ny party aggrieved by final order may, within 60 days after

entry, file a petition to review the order in the court of the appeals wherein venue lies." 28

U.S.C. § 2344. However, these provisions, which reference jurisdiction of the court of the

appeals, have not been placed in the subsection referencing the charge-filing requirement.

*See* § 2000e-16c(b)(1). *See also supra In re Plavix Marketing, Sales Practices and Products

Liability Litigation*. Accordingly, *Fort Bend* applies to GERA claims insofar as the charge-

filing requirement of § 2000e-16c(b)(1) is claims-processing subject to waiver or

forfeiture.[8]

### E. A DISPUTE EXISTS WHETHER PROSPER IS AN EMPLOYEE UNDER TITLE VII OR THE GERA WHICH PRECLUDES THE FACTUAL INQUIRY REQUIRED TO RESOLVE A RULE 12(b)(6) MOTION

At this juncture, since Defendants did not waive or forfeit their administrative

exhaustion arguments, this Court would entertain whether Prosper exhausted her Title VII

administrative requirements under Title VII. *See*, *e.g.*, *Mattioda v. Bridenstine*, No. 20-cv-

03662-SVK, 2021 WL 75665, at *5 (N.D. Cal. Jan. 8, 2021) (examining "[d]efendant's

administrative exhaustion arguments together with [d]efendant's other arguments under

---

[8] At this point, the Court would entertain whether Prosper states a claim under Rule 12(b)(6) that she met the charge-filing requirements of the GERA. But the Court moves onto answering this question as to Title VII.

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 15

Rule 12(b)(6)"). Nonetheless, the Court must first entertain the dispute whether Prosper is

an employee for purposes of Title VII or the GERA.

Defendants argue that the Prosper erroneously relies on 42 U.S.C. § 2000e-

2(a)(1) because that subsection of Title VII does not concern employees like her (ECF

No. 128 at 13). Specifically, 42 U.S.C. § 2000e-2(a)(1) exempts classes of employees,

like Prosper, "appointed by an elected officer to serve on a policy making level and

who are not in the civil service." *Id.* (referencing 42 U.S.C. § 2000e-2(f)). Defendants,

on the other hand, argue that Prosper falls within the class of employees protected

under the GERA, 42 U.S.C. § 2000e-16 *et seq*. *Id.* Defendants continue that the courts

of appeals are vested with exclusive jurisdiction to consider claims of exempt political

employees like Prosper. *Id.* at 14. Defendants end that the GERA requires Prosper, in

the first instance, to seek judicial review of a final order of an administrative agency

in the court of appeals, so this Court lacks subject-matter jurisdiction to entertain

Title VII claims of exempt political employees like Prosper. *Id.* at 13-14.[9]

In opposition, Plaintiff asserts that reliance on 42 U.S.C. § 2000e-2 *et seq*. is not

misplaced because Prosper was categorized as a career employee—even while

serving as Acting Warden—in the Bureau of Corrections, evinced by her entitlement

to benefits under the Virgin Islands Personnel Merit System (ECF No. 137 at 4-7). In

addition, Prosper cites to 3 V.I.C. § 570 to argue that, since she received career

---

[9] In addition, Defendants detail that the GERA sets a 180-day deadline to file an EEOC charge, and, unlike for deadlines for non-exempt employees under Title VII, does not set a 300-day deadline to file an EEOC charge. *Id.* at 13 (referencing 42 U.S.C. § 2000e-16c(b)(1)).

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 16

incentive pay, she was categorized as a career, or non-exempt, employee. *Id.* at 5.

Prosper ends that although she was not considered a regular employee under 3 V.I.C.

§ 451a(b)(8), she was still categorized as a career, or non-exempt, employee in the

Bureau of Corrections. *Id.* at 6.

Defendants reply that the Virgin Islands Legislature has expressly "designated

the position of Assistant Warden as an at-will political appointment, charged with the

responsibility to administer or manage the prison." *Id.* at 13. Defendants add factual

support from a deposition of Prosper, attached to their Motion, that she conceded to

serving as an exempt employee, appointed by the Governor, in the Bureau of

Corrections. *Id.* at 13. Defendants further assert that no dispute exists that Prosper, as

an Assistant Warden, served as an employee in a policy making role, as she

"[a]ssist[ed] in the formulation of policies, procedures and instruction as

promulgated by the Prison Warden, as well as the administrative, responsible

managerial staff work" and served as Acting Warden in the Warden's absence. *Id.* at

13-14. Defendants also assert that neither 3 V.I.C. § 374 nor 3 V.I.C. § 451a support

that Prosper was a classified, civil service employee because these statutory

provisions do not provide exceptions to the classification of employees as exempt. *Id.*

at 14. Defendants reassert that, because Prosper was not a civil service employee, her

reliance on 42 U.S.C. § 2000e-2 *et seq.* was misplaced; Prosper's claim falls under 42

U.S.C. § 2000e-16 *et. seq.* and she failed to take the procedural step to file her claims

with the court of appeals, vested with exclusive jurisdiction over this issue. *Id.*

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 17

In supplemental briefing, Prosper argues that being "an exempt employee does not divest" her of relief under Title VII (ECF No. 144 at 6). Prosper continues that she was paid under 3 V.I.C. § 570 until she retired, and political appointees cannot qualify for pay under this statute. *Id.* at 6. Prosper adds that the Governor of the Virgin Islands must sign a notice of personnel action to appoint a government employee. *Id.* at 7. Prosper continues that recommendations for appointments come from the commissioner or director of the Bureau of Corrections. *Id.* Prosper ends that the Director of the Bureau of Corrections has not recommended Prosper for political appointment. *Id.*

Under the GERA, protections from discrimination are provided to state and local government employees "chosen or appointed by a person elected to public office…(1) to be a member of the elected official's personal staff; (2) to serve the elected official on the policymaking level; or (3) to serve the elected official as an immediate advisor with respect to the exercise of the constitutional or legal powers of the office." 42 U.S.C. § 2000e-16c(a)(1)-(3).

Unlike most federal discrimination statutes, claims under the GERA require a distinct procedural path. Once a party files a timely complaint with the EEOC "stat[ing] a claim within the scope GERA[, it] is referred to an administrative law judge, who oversees adjudication of the claim." *Fischer v. New York State Dep't of Law*, 812 F.3d 268, 279 (2d Cir. 2016) (referencing 29 C.F.R. §§ 1603.107(a), 1603.201) (cleaned up). Parties may seek evidence through pretrial discovery governed by the Federal Rules of Civil Procedure, and the ALJ receives evidence "in accordance with

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 18

the Federal Rules of Evidence," except for hearsay. *Id.* at 279. "A party aggrieved by

the ALJ's ruling may administratively appeal to the Commission." *Id.* (referencing 29

C.F.R. § 1603.301). "A party aggrieved by a final order of the EEOC may seek judicial

review in the federal circuit court, which is to decide all relevant questions of law and

interpret constitutional and statutory provisions, and set aside the order if it is

determined to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not

consistent with the law; (2) not made consistent with required procedures; or (3)

unsupported by substantial evidence." *Id.* (referencing 42 U.S.C. § 2000e-16c(c))

(cleaned up).

Surveying persuasive authority, the Third Circuit stated that courts

interpreting the GERA have declared that court of appeals retain exclusive

jurisdiction to review final orders from the EEOC involving GERA claims. *Depriest v.*

*Milligan*, 823 F.3d 1179, 1183 n.3 (3d Cir. 2016) (referencing *Crain v. Butler*, 419 F.

Supp. 2d 785, 788 (E.D.N.C. 2005); *Stitz v. City of Eureka Springs, Ark.*, 9 F. Supp. 2d

1046, 1056 (W.D. Ark. 1998); *Nack v. Walburg*, 715 F.3d 680, 686 (8th Cir. 2013)). To

obtain judicial review, an aggrieved party must "within 60 days after entry [of the

final order], file a petition to review the order in the court of appeals wherein venue

lies." 28 U.S.C. § 2344.

Title VII provides the definition of employee, as well as exemptions to the

definition:

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 19

> The term "employee means an individual employed by an employer, except that the term "employee" *shall not include*…an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, government agency or political subdivision. [10]

42 U.S.C. § 2000e(f) (emphasis added).

Although Defendants attach to their Motion depositions and a job description of Assistant Prison Warden from the Bureau of Corrections that may help answer whether Prosper is an employee under Title VII or the GERA (i.e., whether Prosper served as an appointee on the policy making level), the Court cannot consider this extrinsic evidence during the motion to dismiss stage (*see* ECF Nos. 128-6, 128-7).

The next inquiry is whether Plaintiff constitutes an employee under the GERA and, thus, must follow the procedural steps outlined in the statute.[11] The GERA classifies the coverage of previously exempt State employees as follows:

> The rights, protections, and remedies provided pursuant to section 2000e-16(b) of this title shall apply with respect to employment of any individual chosen or appointed, by a person elected to public office in any State or political subdivision of any State by the qualified voters thereof—(2) to serve the elected official on the policymaking level.

42 U.S.C. § 2000e-16(c)(a)(2). Again, the depositions and job description of Assistant Prison Warden from the Bureau of Corrections would be helpful to determine

---

[10] In reciting the arguments of the parties above in this section, the Court notes that the parties improperly referred to the specific subsection as 42 U.S.C. § 2000e-2(f). The definition of employee under Title VII is found in 42 U.S.C. § 2000e(f).

[11] The Court must note that the EEOC issued a right-to-sue letter in this case as opposed to referring the case to an Administrative Law Judge. Thus, assuming Prosper is an employee for purposes of the GERA, the EEOC did not follow the procedure and regulations mentioned above.

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 20

whether Prosper served as an elected official on the policymaking level for purposes

of the GERA, but the Court cannot consider this extrinsic evidence on a motion to

dismiss. Thus, a dispute remains whether Prosper is an employee for purposes of

Title VII or the GERA.[12] Accordingly, the Court cannot conduct a factual inquiry

required to resolve a Rule 12(b)(6) motion. *See*, *e.g.*, Vazquez, 2020 WL 2842671, at

*5 (finding that the court was "unable to conduct a factual inquiry under" Rule

12(b)(6) because disputes and questions of fact remained as to administrative

exhaustion and the scope of the EEOC investigation).[13]

### F. A DISPUTE EXISTS WHETHER PROSPER IS WITHIN THE CLASS OF EMPLOYEES PROTECTED UNDER THE EQUAL PAY ACT WHICH PRECLUDES THE FACTUAL INQUIRY REQUIRED TO RESOLVE A RULE 12(b)(6) MOTION

The next question is whether Prosper falls within the class of employees protected

under the Equal Pay Act. Defendants argue that Prosper does not fall within the definition

of employee under the Equal Pay Act because the statute exempts employees who are not

civil service employees (ECF No. 128 at 15). Specifically, Defendants assert that Prosper, in

her capacity as Assistant Warden and Acting Warden, served in a policymaking role, which

further evinces an exemption under the Equal Pay Act. As such, Defendants conclude that

the Court lacks subject-matter jurisdiction to review the Equal Pay Act claim. *Id.*

---

[12] Because of this dispute, the Court cannot determine whether Prosper's claim should have been brought before the Third Circuit Court of Appeals. *See* 42 U.S.C. § 2000e-16c(c).

[13] Unlike *Vasquez*, the Court cannot even get to the question of whether Prosper followed Title VII administrative requirements—or those under other antidiscrimination statutes—because a factual dispute remains as to the what statutory definition of employee Prosper falls within.

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 21

In opposition, Prosper asserts that she was categorized as a career service employee in the Bureau of Corrections (ECF No. 137 at 6).

Defendants reply asserting that Prosper is clearly a political appointee conducting policymaking work, which constitutes a statutory exemption to the definition of employee (ECF Nos. 138 at 11-15).

The Equal Pay Act exempts from the definition of "employee" an individual who "is appointed by such an officer to serve on a policymaking level." 29 U.S.C. § 203 (e)(2)(C)(III).

Similarly, the Court could look to the deposition and Assistant Prison Warden job description (*see* ECF Nos. 128-6, 128-7) to glean whether Prosper served in a policymaking role, which would exempt her under the definition of employee in the Equal Pay Act. Yet the Court cannot consider this extrinsic evidence in a Rule 12(b)(6) motion. Like the definition of Title VII and the GERA, a factual dispute exists whether Prosper falls within the class of employees under the Equal Pay Act.  This dispute precludes a factual inquiry required to resolve a Rule 12(b)(6) motion.

Accordingly, the Court cannot conduct the factual inquiry required to resolve a Rule 12(b)(6) motion, so the Court will deny the Rule 12(b)(1) motion, construed as a Rule 12(b)(6) motion, as to the Title VII and Equal Pay Act claims against Defendant Government of the Virgin Islands; however, the Court will grant the Rule 12(b)(1) motion, construed as a Rule 12(b)(6) motion, as to all claims against Defendants Director Rick

Mullgrav and the Bureau of Corrections, as well as the punitive damages claim against

Defendant Government of the Virgin Islands, and the Court will strike the jury demand.[14]

### III. CONCLUSION

For the reasons mentioned, the Court grants in part the Motion to Dismiss for

Lack of Subject Matter Jurisdiction, construed as a Motion to Dismiss for Failure to State

of Claim, as to all claims against Defendants Director Rick Mullgrav and the Bureau of

Corrections, the punitive damages claim against Defendant Government of the Virgin

Islands, and the Court will strike the jury demand; however, the Court will deny the

Motion to Dismiss for Lack of Subject Matter Jurisdiction, construed as a Motion to

Dismiss for Failure to State a Claim, as to the Title VII and Equal Pay Act claims against

Defendant Government of the Virgin Islands.

WHEREFORE, it is now hereby **ORDERED**:

1.  Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction construed
    as a Motion to Dismiss for Failure to State a Claim (ECF No. 124) is **GRANTED IN
    PART AND DENIED IN PART**.

2.  The Motion is **GRANTED** as to all claims against Defendants Director Rick
    Mullgrav and the Bureau of Corrections and the punitive damages claim against
    Defendant Government of the Virgin Islands.

---

[14] In other words, the Title VII and Equal Pay Act claims against Defendant Government of the Virgin Islands can move forward in this litigation. Should Defendant Government of the Virgin Islands seek to challenge these claims, it may do so in a later dispositive motion.

*Diane Prosper v. Bureau of Correction, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 23

    3.   The Motion is **DENIED** as to Title VII and Equal Pay Act claims against Defendant

        Government of the Virgin Islands.

    4.   Defendants' request to strike the jury demand is **GRANTED**.

                        ENTER:

Dated: March 4, 2021                   /s/ George W. Cannon, Jr._____
                                        GEORGE W. CANNON, JR.
                                        U.S. MAGISTRATE JUDGE