| | |
|---|---|
| **DISTRICT COURT OF THE VIRGIN ISLANDS** | |
| **DIVISION OF ST. CROIX** | |

DIANE PROSPER,

                **Plaintiff,**

      v.

GOVERNMENT OF THE VIRGIN
ISLANDS,

                **Defendant.**

                                **1:17-cv-00020**

TO:    Martial A. Webster, Esq.
          Venetia H. Velazquez, Esq., AAG

## ORDER STRIKING PLAINTIFF'S AFFIDAVIT SUBMITTED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

THIS MATTER is before the Court upon Defendant Government of the Virgin Islands's Motion to Strike Plaintiff's Affidavit Submitted in Opposition to Motion for Summary Judgment (ECF No. 191), Plaintiff Diane Prosper's Opposition (ECF No. 195), and the Government's Reply (ECF No. 200).

Affidavits in opposition of summary judgment must comply with Fed. R. Civ. P. 56(c)(4), which mandates that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. " Fed. R. Civ. P. 56(c)(4). If a party does not abide by Rule 56(c), the Court may:

    (1) give an opportunity to properly support or address the fact;
    (2) consider the fact undisputed for purposes of the motion;

*Diane Prosper v. Bureau of Corrections, et al.*
Order Striking Affidavit Submitted in Opposition to Motion for Summary Judgment
1:17-cv-00020
Page 2

(3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or
(4) issue any other appropriate order.

Fed. R. Civ. P. 56(e)(1)-(4).

The Third Circuit requires that "an affiant…state facts, rather than opinions and conclusions." *Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985).

In addition, the Third Circuit also recognizes the "sham affidavit" doctrine, in which "a party may not create a material issue of fact to defeat summary judgment by filing an affidavit disputing his or her own sworn testimony without demonstrating a plausible explanation for the conflict." *Baer v. Chase*, 392 F.3d 609, 623-24 (3d Cir. 2004) (citing *Hackman v. Valley Fair*, 932 F.2d 239, 241 (3d Cir. 1991)). The Third Circuit reasons that "[w]hen a party does not explain the contradiction between the [later] affidavit and the [earlier] deposition, the alleged factual issue in dispute can be perceived as a 'sham,' thereby creating an impediment to a grant of summary judgment based on the deposition." *Id*. at 624. However, just because there exists "a discrepancy between deposition testimony and the deponent's later affidavit[,] a district court is not required in all cases to disregard the affidavit." *Id*. at 624 (citing *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 894 (5th Cir. 1980) (stating that a later affidavit did not constitute a sham affidavit because the later affidavit did not raise a new or distinct issue, but instead clarified certain parts of deposition testimony that may cause confusion). Moreover, when "independent evidence [exists] in the record to" clarify a "questionable affidavit," a court should "refuse[] to disregard the affidavit." *Id*. at 624 (referencing *Bushell v. Wackenhut Int'l, Inc*., 731 F. Supp.

*Diane Prosper v. Bureau of Corrections, et al.*
Order Striking Affidavit Submitted in Opposition to Motion for Summary Judgment
1:17-cv-00020
Page 3

1574, 1578 (S.D. Fla. 1990) (stating that deposition testimony from a third party can clarify

a later affidavit)). Also, introducing independent evidence may "rebut a charge of a 'sham'

affidavit." *Id.* (referencing *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 43-44 (2d Cir.

2000)).

A party filing an affidavit must "'attach thereto and serve therewith' sworn or

certified copies of all papers referred to in the affidavit." *Henry v. St. Croix Alumina, LLC*,

Civil No. 1999/0036, 2007 U.S. Dist. LEXIS 98205, *12 (D.V.I. Aug. 10, 2007) (citing *Peterson*

*v. United States*, 694 F.2d 943, 945 (3d Cir. 1982)). Also, LRCi 56.1(b) requires that "the

respondent shall affix to the response copies of, and cite to, the precise portions of the

record relied upon as evidence to each material fact." LRCi 56.1(b).

In its Motion, the Government argues that Prosper's affidavit "simply lists"

"responses to specific facts in" the Government's statement of material facts, while then

proceeding to offer "conclusory statements and opinions to refute each" statement made in

the statement of material facts (ECF No. 191 at 2-3). The Government also argues that

Prosper's affidavit contravenes the record "set forth in ECF [No.] 154 and accompanying

exhibits." *Id.* at 3. The Government further argues that Prosper's affidavit does not support

that the statements made have been supported by her personal knowledge. *Id.*

Prosper responds that her affidavit does not constitute hearsay because she "has

personal knowledge of the information based on her employment with" the Government ",

her experience, knowledge, and investigation" (ECF No. 195 at 2). Prosper also asserts that

her "affidavit provide[s] sufficient information upon which the Court could find probable

*Diane Prosper v. Bureau of Corrections, et al.*
Order Striking Affidavit Submitted in Opposition to Motion for Summary Judgment
1:17-cv-00020
Page 4

cause under the relevant summary judgment standard, and its detail and scope reflect [her] competence to testify to the matters stated therein." *Id*. at 2. Prosper further argues that her affidavit does not include conclusory statements, but instead specific facts directed toward Defendant's statement of undisputed facts; the facts she provides in the affidavit "establish[], at a minimum, [that] there exists genuine issues of material fact." *Id*. Prosper also argues that she is competent to testify about facts involved her employment. *Id*. Prosper lastly asserts that she met the requirements under Rule 56(c)(1), and that the Government "has pointed to no disputed fact in [her] affidavit that [she] cannot support in the form of admissible evidence." *Id*. at 3.

The Government replies that the Court must strike the affidavit for making "unsupported assertions, without citations to supporting materials in the record," which "fails to establish the basis for personal knowledge" in making those assertions, "particularly as related to third parties who are not part of this litigation" (ECF No. 200 at 1). The Government further replies that Prosper provides statements that constitute opinions, which "fail[] to provide affirmative evidence supported in the record," contravening the standard under Rule 56(c),(e), and LRCi 56.1(b). *Id*. at 1-2. The Government also asserts that Prosper has not met her burden to show that the affidavit has been offered with her personal knowledge. *Id*. at 2.[1] The Government also argues that

---

[1] In other words, Prosper does not state "the basis for personal knowledge of the statements" made in the affidavit. *Id*. at 3.

*Diane Prosper v. Bureau of Corrections, et al.*
Order Striking Affidavit Submitted in Opposition to Motion for Summary Judgment
1:17-cv-00020
Page 5

Prosper uses her affidavit as a means "to undermine or contradict her deposition testimony or simply to expand on such testimony." *Id*. at 3.

Prosper's affidavit is deficient for a few reasons. First, Prosper submits an affidavit without stating whether the statements made therein were based on her knowledge or belief (*see generally* ECF No. 180-1). Therefore, the Court *must* strike the affidavit. *See*, *e.g.*, *Henry v. St. Croix Alumina, LLC*, Civil No. 1999/0036, 2007 U.S. Dist. LEXIS 98205, *8 (D.V.I. Aug. 10, 2007) (citing *Kern v. Tri State Ins. Co*., 386 F.2d 754, 756 (8th Cir. 1967) for the proposition that "[a]ffidavits that do not state that it was based on personal knowledge *must* be striken (emphasis added)).

Second, Prosper fails to attach and serve with her affidavit "certified copies of all papers referred to in the affidavit" that "purport to the basis of [her] personal knowledge." *See Henry*, 2007 U.S. Dist. LEXIS 98205, at *12 (citing *Peterson*, 694 F.2d at 945). *See generally* ECF No. 180-1. Thus, the Court may also strike the affidavit based on this deficiency as it violates persuasive authority from this Court and LRCi 56.1(b).

Third, the question arises whether the "sham affidavit" doctrine applies: does Prosper attempts to use a later affidavit to contradict earlier deposition testimony? The Government does not specifically point out in its Motion *how* Prosper attempts to use this later affidavit to contradict an earlier deposition testimony, but states "as fully set forth in Defendant's Reply to Plaintiff's Opposition to Summary Judgment, ECF [No. 90]…." (ECF No. 200 at 3). Since the Government waited until the Reply to address this point and does not explain in *this* Motion *how* Prosper attempts to use a later affidavit to contract earlier

*Diane Prosper v. Bureau of Corrections, et al.*
Order Striking Affidavit Submitted in Opposition to Motion for Summary Judgment
1:17-cv-00020
Page 6

deposition testimony, the Court will not address this point. Moreover, the Court finds, for

the two reasons mentioned above, sufficient reason to strike the affidavit.

Accordingly, the Court issues an order striking the affidavit under Rule 56(e)(4).

WHEREFORE, it is now hereby **ORDERED**:

1. Defendant Government of the Virgin Islands's Motion to Strike Plaintiff's Affidavit

Submitted in Opposition to Motion for Summary Judgment (ECF No. 191) is

**GRANTED**.

2. The Clerks' Office is directed to **STRIKE** the Affidavit of Diane Prosper (ECF No.

180-1).

ENTER:

Dated: May 12, 2021                    /s/ George W. Cannon, Jr.
                                       GEORGE W. CANNON, JR.
                                       U.S. MAGISTRATE JUDGE