| | |
|---|---|
| **DISTRICT COURT OF THE VIRGIN ISLANDS** | |
| **DIVISION OF ST. CROIX** | |

DIANE PROSPER,

                   **Plaintiff,**

      **v.**

GOVERNMENT OF THE VIRGIN
ISLANDS,

                   **Defendant.**

                   **1:17-cv-00020**

TO:    Martial A. Webster, Esq.
         Venetia H. Velazquez, Esq., AAG

### <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court upon Defendant Government of the Virgin

Islands's Motion for Summary Judgment (ECF No. 169), Plaintiff Diane Prosper's

Opposition (ECF No. 180), and the Government's Reply (ECF No. 190).[1]

### I. Background

In 1995, Prosper, an African American, Caribbean female, began working for the

Defendant Bureau of Corrections, and was eventually promoted to Assistant Warden (ECF

No. 1; Compl. ¶¶ 3, 8). Prosper was assigned to perform duties of Acting Warden during

various months from 2008 to 2009 and from 2014 to 2015. *Id.* ; Compl. ¶¶ 9-10. Prosper

alleges that, following the end of the 2008 temporary appointment, Mr. Keith Francois

---

[1] Since the parties have consented to have this case referred to a magistrate judge and this case has been referred to a magistrate by a district judge (*see* ECF Nos. 43-44), this dispositive matter is properly before the undersigned. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

*Diane Prosper v. Bureau of Corrections, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 2

became Warden and received $75,000.00 per year. *Id.* ; Compl. ¶ 14. Prosper further alleges

that Mr. Ira Phillip became Warden in 2011 and received $75,000.00 per year, as well as

Ms. Tracey Brown, from the mainland United States, in 2012, *id.*, Compl. ¶¶ 17-18; Mr. Basil

Richards, from the mainland U.S., the same year, receiving $85,000.00 per year, *id.*, Compl.

¶ 19; and Mr. Donald Redwood, from the mainland U.S., a few years later, receiving

$85,000.00 per year. *Id.*, Compl. ¶ 20.[2]

Prosper was also appointed Acting Warden from October 21, 2014 to October 19,

2015 after Mr. Redwood resigned but was relieved from the appointment after a female

from the mainland U.S. assumed the position of Warden, receiving $75,000.00 per year. *Id.* ;

Compl. ¶ 22.

Prosper retired from the Defendant Bureau of Corrections in December 2015. *Id.* ;

Compl. ¶ 7.

On February 24, 2016, Prosper filed a charge of discrimination with the U.S. Equal

Employment Opportunity Commission (ECF No. 163-1). In the section asking, "CAUSE OF

DISCRIMINATION BASED ON," Prosper marked the box indicating sex with a checkmark; all

other boxes indicating race, retaliation, color, national origin, religion, age, disability, or

other were not marked. *See id.* In the particulars' portion of the EEOC charge, Prosper

described the discrimination she faced:

- Pursuant to Title 7 Civil Rights Act of 1964
- Discrimination of sex

---

[2] In addition, Plaintiff alleges that Mr. Calvin Herbert was appointed as Acting Warden in 2016, receiving $85,000.00 per year. *Id.*; Compl. ¶ 23.

*Diane Prosper v. Bureau of Corrections, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 3

- Disparity of pay based on gender
- Equal Pay Act: Discrimination on gender
- Mr. Rick Mullgrav is denying my compensation based on my gender. I served in acting position for one year without being compensated. However, male individuals who served in acting positions were compensated.

*See id.*

Prosper attached a letter to the EEOC charge of discrimination alleging that she sent Defendant Rick Mullgrav "a certified document dated January 20, 2016" which "ask[ed] him to stop the retaliation/ discrimination and to sign the document that [she could] be compensated...[, but] Mr. Mullgrav did not respond to [her] request" (ECF No. 163-1). In addition, Prosper alleged in the letter that Mullgrav's "inaction in authorizing [her] paperwork and authorizing the male [sic] paperwork is discrimination....[and] retaliation towards [her]...." *Id.*

Prosper received a Notice of Suit Rights from the EEOC dated January 31, 2017 indicating, "You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost" (ECF No. 1-1).

On April 27, 2017, Prosper filed a complaint for intentional discrimination against Defendants Bureau of Corrections, Government of the Virgin Islands, and Director Rick Mullgrav, alleging discrimination on the basis of gender and national origin, in violation of both Title VII of the Civil rights Act of 1964 and the Equal Pay Act of 1963 (ECF No. 1; Compl. ¶¶ 25, 28). Specifically, Prosper asserts that she was discriminated against in her

*Diane Prosper v. Bureau of Corrections, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 4

rate of compensation and in promotion and hiring on the basis of gender and national origin. *Id.* ; Comp. ¶¶ 15-24.

Defendants then moved to dismiss (ECF Nos. 124, 128), and this Court dismissed all claims against Defendants Rick Mullgrav and Bureau of Corrections because Prosper agreed as to dismissal of these claims (ECF No. 147 at 5, 22).[3] However, the Court did not grant dismissal in favor of Defendant Government of the Virgin Islands because a dispute existed whether Prosper constituted an employee under Title VII or the GERA, precluding the factual inquiry required to resolve a Rule 12(b)(6) motion. *Id.* at 14-20. In addition, the Court did not grant dismissal as to the Equal Pay Act claim because a dispute also existed whether Prosper belonged within the class of employees protected under the Equal Pay Act, precluding the factual inquiry required to resolve a Rule 12(b)(6) motion. *Id.* at 20-22. In particular, the Court noted that, although "the depositions and job description of Assistant Prison Warden from the Bureau of Corrections would be helpful to determine whether Prosper served as an elected official on the policy making level  for purposes of the GERA," it could not "consider extrinsic evidence on a motion to dismiss." *Id.* at 19.[4]

---

[3] In addition, the Court dismissed the punitive damages's claim against Defendant Government of the Virgin Islands, as well as the demand for jury trial, because Prosper conceded dismissal. *Id.* at 5, 22. This disposition left the Government of the Virgin Islands as the only remaining defendant in this litigation.

[4] The Court also noted that the deposition and Assistant Warden job description may help determine whether Prosper "served in a policy-making role, which would exempt her under the Equal Pay Act," but ultimately found that it could not "consider this extrinsic evidence in a Rule 12(b)(6) motion." *Id.* at 21.

*Diane Prosper v. Bureau of Corrections, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 5

Defendant Government of the Virgin Islands now challenges the remaining Title VII

and Equal Pay Act claims through a motion for summary judgment, or in the alternative, a

motion to dismiss for failure to state a claim (ECF Nos. 169, 170).[5]

## II. Discussion

### A. Standards of review

To prevail on a motion for summary judgment, a movant must show that there is

"no genuine dispute as to any material fact," and that, on the uncontroverted facts, it is

"entitled to judgment as a matter of law." Fed. R. Civ. R. 56(a); *see also Bonkowski v. Oberg*

*Indus.*, *Inc.*, 787 F.3d 190, 195 n.1 (3d Cir. 2015). The moving party bears the initial burden

of demonstrating the absence of a genuine dispute of material fact. *Mahoney v. McDonnell*,

606 F. App'x 500, 504 (3d Cir. 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986)). Once the moving party has met this burden, the non-moving party "must set forth

specific facts showing a genuine issue for trial and may not rest upon mere allegations,

general denials, or ... vague statements." *Patterson v. Glory Foods, Inc.*, 555 F. App'x 207, 211

(3d Cir. 2014) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991) (internal

quotation marks omitted; alteration in original)); *see also* Fed. R. Civ. P. 56(c).

In reviewing a motion for summary judgment, "[a]ll facts are viewed in the light

most favorable to the nonmoving party, who is 'entitled to every reasonable inference that

can be drawn from the record.'" *Seamans v. Temple Univ.*, 744 F.3d 853, 859 (3d Cir. 2014)

---

[5] Because the Court will rule on the summary judgment motion, it will not entertain the alternative relief of dismissal under Rule 12(b)(6).

*Diane Prosper v. Bureau of Corrections, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 6

(quoting *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000)). In addition, "at

the summary judgment stage, a court may not weigh the evidence or make credibility

determinations; these tasks are left to the fact-finder." *Anderson v. Warden of Berks Cnty.*

*Prison*, 602 F. App'x 892, 895 (3d Cir. 2015) (quoting *Boyle v. Cnty. of Allegheny Pa.*, 139

F.3d 386, 393 (3d Cir. 1998) (internal quotation marks omitted)).

The role of the Court is to "determine whether there is a genuine issue for trial."

*Stiegel v. Peters Twp.*, 600 F. App'x 60, 63 (3d Cir. 2014) (quoting *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 249 (1986) (internal quotation marks omitted)). A genuine issue of

material fact exists when the fact-finder, viewing the record evidence, could rationally find

in favor of the non-moving party. *See Anderson*, 477 U.S. at 248 ("[S]ummary judgment will

not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party."). When a genuine issue of

material fact exists, summary judgment is inappropriate. *See Fontroy v. Beard*, 559 F.3d

173, 182 (3d Cir. 2009) (citations omitted).

### B. Applicable legal principles

Under Title VII of the Civil Rights Act of 1964, it is unlawful for an employer

> To discriminate against any individual with respect to his compensation, terms,
> conditions, or privileges of employment ... or to limit ... or classify his employees
> ... in any way which would deprive ... any individual of employment
> opportunities or otherwise adversely affect his status as an employee, because
> of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a)(1)-(2).

*Diane Prosper v. Bureau of Corrections, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 7

"A charge…shall be filed within one hundred and eighty days after the alleged

unlawful employment practice…." 42 U.S.C. § 2000e-5(e)(1). A party who "initially

instituted proceedings with a State or local agency" must file a charge of

discrimination with the EEOC within 300 days from when the alleged discriminatory

actions occurred and must file a complaint within ninety days after receiving a right-

to-sue letter from the EEOC. 42 U.S.C. §§ 2000e-5(e), (f)(1).

Title VII provides a definition of exempt political and non-exempt political

employees:

> The term "employee means an individual employed by an employer, except
> that the term "employee" *shall not include*…an appointee on the policy making
> level or an immediate adviser with respect to the exercise of the constitutional
> or legal powers of the office. The exemption set forth in the preceding sentence
> shall not include employees subject to the civil service laws of a State
> government, government agency or political subdivision.

42 U.S.C. § 2000e(f) (emphasis added).

The Government Employee Rights Act of 1991, a statute to be discussed as

well, "provide[s] procedures to protect the rights of certain government employees,

with respect to be free of discrimination on the basis of race, color, religion, sex,

national origin, age, or disability." 42 U.S.C. § 2000e-16a(b). Under the GERA,

protections from discrimination are provided to state and local government

employees "chosen or appointed by a person elected to public office…(1) to be a

member of the elected official's personal staff; (2) to serve the elected official on the

policymaking level; or (3) to serve the elected official as an immediate advisor with

*Diane Prosper v. Bureau of Corrections, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 8

respect to the exercise of the constitutional or legal powers of the office." 42 U.S.C. §

2000e-16c(a)(1)-(3).

Unlike most federal discrimination statutes, claims under the GERA require a

distinct procedural path. Once a party files a timely complaint with the EEOC

"stat[ing] a claim within the scope GERA[, it] is referred to an administrative law

judge, who oversees adjudication of the claim." *Fischer v. New York State Dep't of Law*,

812 F.3d 268, 279 (2d Cir. 2016) (referencing 29 C.F.R. §§ 1603.107(a), 1603.201)

(cleaned up). Parties may seek evidence through pretrial discovery governed by the

Federal Rules of Civil Procedure, and the Administrative Law Judge receives evidence

"in accordance with the Federal Rules of Evidence," except for hearsay. *Id.* at 279. "A

party aggrieved by the ALJ's ruling may administratively appeal to the Commission."

*Id.* (referencing 29 C.F.R. § 1603.301). "A party aggrieved by a final order of the EEOC

may seek judicial review in the federal circuit court, which is to decide all relevant

questions of law and interpret constitutional and statutory provisions, and set aside

the order if it is determined to be (1) arbitrary, capricious, an abuse of discretion, or

otherwise not consistent with the law; (2) not made consistent with required

procedures; or (3) unsupported by substantial evidence." *Id.* (referencing 42 U.S.C. §

2000e-16c(c)) (cleaned up).

Surveying persuasive authority, the Third Circuit states that courts

interpreting the GERA have declared that court of appeals retain exclusive

jurisdiction to review final orders from the EEOC involving GERA claims. *Depriest v.*

*Diane Prosper v. Bureau of Corrections, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 9

*Milligan*, 823 F.3d 1179, 1183 n.3 (3d Cir. 2016) (referencing *Crain v. Butler*, 419 F.

Supp. 2d 785, 788 (E.D.N.C. 2005); *Stitz v. City of Eureka Springs, Ark.*, 9 F. Supp. 2d

1046, 1056 (W.D. Ark. 1998); *Nack v. Walburg*, 715 F.3d 680, 686 (8th Cir. 2013)). To

obtain judicial review, an aggrieved party must "within 60 days after entry [of the

final order], file a petition to review the order in the court of appeals wherein venue

lies." 28 U.S.C. § 2344.

The Equal Pay Act, another statute at issue, defines the term employee as

follows:

> (1) Except as provided in paragraphs (2), (3), and (4), the term 'employee' means any individual employed by an employer....
> (C) any individual employed by a State, political subdivision, or agency of a State, or an interstate government agency, other than such an individual—
> (i) who is not subject to the civil service laws of the State, political subdivision, or agency which employs him; and
> (ii) who—
> (I) holds a public elective office of that State, political subdivision, or agency,
> (II) is selected by the holder of such an office to be a member of his personal staff,
> (III) is appointed by such an officeholder to serve on a policymaking level,
> (IV) is an immediate adviser to such an officeholder with respect to the constitutional or legal powers of his office, or
> (V) is an employee in the legislative branch of that state, political subdivision, or agency and is not employed by the legislative library of such State, political subdivision, or agency.

29 U.S.C. § 203 (e)(2)(C)(i), (ii)(I)-(V). As evident by the words of the statute, the

Equal Pay Act lays out the class of individuals denoted as employees, and, *inter alia*,

classifies those serving in a policymaking role as exempt individuals.[6]

---

[6] Title VII has a similar distinction as to those in policy making roles (*see* 42 U.S.C. § 2000e(f)), as well as the GERA.

*Diane Prosper v. Bureau of Corrections, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 10

## C. No dispute of material fact exists whether Prosper constituted an employee under Title VII or the Equal Pay Act

As a threshold matter, now that extrinsic evidence may be examined at the summary judgment stage, the Court returns to the threshold question of whether a material fact exists that Prosper constituted an employee under Title VII or the Equal Pay Act.[7]

In its Motion, the Government argues that Prosper fails to make out a claim under Title VII because she did not fall under the definition of employee within the statute (ECF No. 170 at 3). The Government continues that it is undisputed that Prosper served in a policymaking role at the Bureau of Corrections, exempting her from the definition of employee under Title VII. *Id.* at 8.

Prosper responds that the Government attempts to rehash arguments made in its Rule 12(b)(1) motion denied by the Court, so Prosper reiterates arguments made in her opposition to the Government's Rule 12(b)(1) motion (ECF No. 180 at 4). Prosper continues that the Government has failed to establish that her roles as Assistant Warden and Acting Warden at the Bureau of Corrections constituted policymaking roles under Title VII. *Id.* at 5. In particular, Prosper asserts that the Government has failed to establish how the Assistant Warden and Warden positions constituted policymaking roles under 3 V.I.C. § 451a(b)(8). *Id.* at 6.[8]

---

[7] The Court could not consider extrinsic evidence in disposing of the previous motion to dismiss (*see* ECF No. 124) but does so now during the summary judgment stage.

[8] Prosper furthers that the Governor has not designed the position of Assistant Warden as a policymaking role and submitted the position to the Legislature under 3 V.I.C. 451a(b)(8). *Id.* at 7. Prosper also takes umbrage

*Diane Prosper v. Bureau of Corrections, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 11

The Government replies by repeating that no genuine issue of material fact exists

whether Prosper constituted an employee under the definition provided in Title VII and the

Equal Pay Act (ECF No. 190 at 12). The Government does reply, though, that Prosper seeks

to now argue that she constituted a civil service, non-exempt employee not appointed by

the Governor, which flies in the face of her deposition, responses to interrogatories, and

employment-related documents, as well as statutory authority. *Id*. at 12.[9]

Viewing the entire record in the light most favorable to Prosper, the Court focuses

on several documents that relate to her role as an employee for the Bureau of Corrections.

In the description to the Assistant Prison Warden position, the document states that the

Assistant Prison Warden "assists in the formulation of policies, procedures and instructions

promulgated by the Prison Warden…." (ECF No. 158-2 at 1). Moreover, the Assistant

Warden "[a]ssists in the formulation and installation of policies and methods for the

treatment and custody of inmates [and] assists the Prison Warden in administering all

phases of rehabilitation, educational and recreational programs." *Id*. at 1. Returning to the

---

with the Government's argument that she occupied a policymaking role as Assistant Warden because the
Governor appointed her, as the Governor appoints government employees "from the highest to lowest
position" under 3 V.I.C. § 451. *Id*. Prosper continues that "recommendation for appointment comes from the
department head, i.e., commissioner or director of the particular department," so a genuine issue of material
fact exists whether Prosper occupied a policymaking role. *Id*. Prosper also asserts that the Director of the
Bureau of Corrections, as opposed to her, served in an appointed policymaking role. *Id*. at 9. In making this
argument, Prosper cites to the description of the Assistant Warden position (ECF No. 180-7). Prosper ends
that "the fact that she was entitled to differential pay, and pay for acting in the Warden's positions on two
separate occasions evidence" that she constituted a career employee, "or at the very minimum, an exempt
employee not in the policy making position." *Id*. at 10.
[9] The Government replies that the Court should reject Prosper's "additional argument that her job
classification is determined by agency regulations" because administrative regulation and practice cannot
supersede a legislative designation. *Id*. at 14.

*Diane Prosper v. Bureau of Corrections, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 12

exemption to the definition of employee under Title VII, an "'employee' shall not include an

appointee on the policy making level….subject to the civil service laws of a State

government, government agency or political subdivision." 42 U.S.C. § 2000e(f). Reading the

document, Prosper sits at the helm of formulating and installing policies related to all

issues that may arise at the Bureau of Corrections. At first blush, this job description gives

the impression that she occupied a policymaking role; however, the second sentence of the

exemption to the definition of employee also exempts employees subject to the civil service

laws of, here, the Bureau of Corrections. Thus, if the civil service laws of the Government

did not apply to Prosper, she would fall under the exemption to the definition of employee

under Title VII. In essence, then, the question arises if a dispute of material fact exists

whether the civil service laws of the Government apply to Prosper that would preclude

entry of summary judgment. Before the Court explores this issue, however, it gleans other

documents that shed light on Prosper's role at the Bureau of Corrections.

    In responses to the Government's request for admissions, Prosper admits that

positions exempt from the career service include "assistant agency heads and deputy

agency heads and members of boards, commission, and other bodies appointed by

Governor" (ECF No. 157-3 at 2). Viewing the list in the light most favorable to Prosper, one

could say that an assistant agency head, like an Assistant Warden, is not another body

appointed by the Governor, but reading the list this way would defy logic. From this

admission, there is no question that the Governor appointed Prosper as Assistant Warden.

And Title VII exempts "appointee[s] on the policy making level." § 2000e(f).

*Diane Prosper v. Bureau of Corrections, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 13

Moreover, in her deposition, Prosper states that being Assistant Warden involved "dealing with politics[,] so it's an exempt position…until a new administration come [sic] on" (ECF No. 155-1 at 32). Prosper also states that her exempt position is "an appointed position by the governor." *Id*. at 32. Unlike the list in the admission above, which may be—albeit illogically—open to interpretation, this statement constitutes a direct admission that the Governor appointed Prosper to serve as Assistant Warden. Viewing this statement in the light most favorable to Prosper, the Court cannot unlearn her exact words.

Comparing the job description of Assistant Warden, the responses to the Government's request for admissions, and the deposition, it is clear that Prosper is an appointed employee on the policymaking level which, at least, aligns with the first sentence of the exemption from the definition of employee under Title VII. The next inquiry is whether the civil service laws of the Government apply to Prosper (i.e., is Prosper a civil servant?). If they do, a dispute of material fact remains whether she constituted an employee under Title VII and the Court may move onto the merits of the Title VII claim; if they do not, no dispute of material fact exists of whether she constituted an employee under Title VII and the Court cannot review the merits of a Title VII claim.

For this inquiry, the Court will entertain Prospers arguments about U.S. Virgin Islands' law in relation to her role at the Bureau of Corrections. In other words, the Court will review U.S. Virgin Islands' law to analyze the characteristics of Prosper's employment to see whether a dispute of material fact exists whether the civil service laws apply to her. *See*, *e.g.*, *Crowder v. North Carolina Administrative Office of Courts*, 374 F. Supp. 3d 539, 545

*Diane Prosper v. Bureau of Corrections, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 14

(E.D.N.C. 2019) (collecting cases) (stating that federal law is relevant in analyzing Title VII's exemption to the definition of employee and "that state law is only relevant to define the characteristics of the Plaintiff's employment"). As a threshold matter, however, the Court must first note that Prosper's line of argument that the Government failed to meet its burden in showing that her role as Assistant Warden is on the policymaking level (*see* ECF No. 180 at 5-10) will be disregarded because the Court has found that, even in the light most favorable to Prosper, the documents analyzed reasonably show that she occupied an appointed, policymaking role at the Bureau of Corrections.

Under 3 V.I.C. § 451a(b)(1), an exempt position includes, "department heads, Assistant Commissioners and Deputy Commissioners and members of boards, commissions or other bodies appointed by the Governor." 3 V.I.C. § 451a(b)(1). Viewed in the light most favorable to Prosper, but also in accordance with the plain language of the text, the Court finds that Prosper would constitute an exempt employee. Thus, Prosper's new argument in her Reply that she constituted a non-exempt, civil service employee holds no weight under V.I. law (*see* ECF No. 190 at 12).[10] Next, under 3 V.I.C. § 451a(b)(8), an exempt position also includes, "an officer or employee in a position of a policy-determining nature when the position is so designated by the Governor and submitted to the Legislature." 3 V.I.C. § 451a(b)(8). This Court has already found that Prosper occupied a policymaking role, so this subsection of the statute supports that finding. However, viewed the light most favorable to

---

[10] Moreover, Prosper's assertion that the Governor did not appoint her contradicts her own admission in the record (*see* ECF No. 155-1 at 32).

*Diane Prosper v. Bureau of Corrections, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 15

Prosper, the Court could find that she is not a policymaking employee because her position was not submitted to the Legislature of the U.S. Virgin Islands; however, federal law is relevant to analyze whether Prosper fits within the exemption of employee under Title VII, and state law is relevant insofar as defining the characteristics of Prosper's employment. *See Crowder*, 374 F. Supp. at 545. Even in the light most favorable to Prosper, the Court reads § 451a to define Prosper's employment as exempt and policymaking in nature because it cannot escape the plain language of the text. And, mostly importantly relevant to federal law, the Court finds that Prosper occupied a policymaking role within the plain language of the exemption to the definition of employee under Title VII. At end, Gleaning § 451a, the Court cannot find how the statutory provisions would create a dispute of material fact whether the civil service laws apply to Prosper.

Accordingly, the Court finds no dispute of material fact whether Prosper constituted an employee under Title VII that would preclude entry of summary judgment. Moreover, since the operative language of the exemption to the definition of employee in Title VII mirrors the exemption under the Equal Pay Act, the Court adopts the same analysis to the latter. *See*, *e.g.*, Crowder, 374 F. Supp. 3d at 545 (analyzing the exclusion to appointees on the policymaking level under Title VII and the Age Discrimination in Employment Act interchangeably because of the identical operative language). Thus, the Court also finds no dispute of material fact whether Prosper constituted an employee under the Equal Pay Act.

*Diane Prosper v. Bureau of Corrections, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 16

As a result, the Court cannot move onto the merits of a Title VII or an Equal Pay Act claim

because Prosper did not constitute an employee under either statute.[11]

### D. Prosper constituted an employee under the GERA so this Court is the incorrect forum to file her claims

Since the Court has found that no dispute of material fact exists whether Prosper is

an employee under Title VII or the Equal Pay Act, the next question arises whether she

constituted an employee under the GERA. The GERA classifies the coverage of previously

exempt State employees as applying to "any individual chosen or appointed, by a person

elected to public office in any State or political subdivision of any State by the qualified

voters thereof [] to serve the elected office on the policymaking level." 42 U.S.C. § 2000e-

16(c)(a)(2). Prosper would fall under serving an elected official of the Bureau of

Corrections. Since Prosper served as an employee for purposes of the GERA and she did not

seek judicial review in the U.S. Court of Appeals for the Third Circuit, it follows that this

Court is the incorrect forum to file her claims. *See Depriest*, 823 F.3d at 1183 n.3

(referencing *Crain*, 419 F. Supp. 2d at 788) (collecting cases).

Still, that Prosper failed to file her claims with the Third Circuit may not be of her

own making because the EEOC did not follow its own procedures as to GERA claims. When

the GERA applies, the EEOC appoints an Administrative Law Judge to adjudicate an

employee's claims, and then the ALJ issues findings of fact and conclusions of law and may

provide relief under 29 C.F.R. § 1603.217(a). *Fischer*, 812 F.3d at 279. An aggrieved party

---

[11] As a result, the Court does not examine the remaining arguments in the briefs.

may appeal the ALJ's ruling to the EEOC, and then a final order is issued which is

appealable to the court of appeals. *Id.* at 279. Since the EEOC did not follow this procedure

and, instead, issued a right-to-sue letter (see ECF No. 1-1 ("Notice of Suit Rights")), Prosper

had to seek relief in this Court to comply with Title VII's 90-day requirement for filing suit.

If a final order had been issued by the EEOC, Prosper could have appealed to the Third

Circuit. *See*, *e.g.*, *Crowder*, 374 F. Supp. at 546. Nevertheless, since the EEOC issued a right-

to-sue letter, the only recourse for Prosper was to file suit in this Court within 90 days. *See*,

*e.g.*, *id.* at 546. In situations like this, courts have applied equitable tolling. *See id.* (collecting

cases). It is worth noting that the GERA allows equitable tolling of deadlines, such as the

180-day charge-filing requirement with the EEOC. *See id.* (referencing 29 C.F.R. §

1603.106(c)). The Court would expect that the EEOC will follow its own regulations and

equitably toll the GERA's 180-day requirement if Prosper seeks relief under the GERA by

filing another charge with the EEOC. *See id.*

### III. Conclusion

The Court enters summary judgment in favor of Defendant Government of the

Virgin Islands because, even in the light most favorable to Prosper, no dispute of material

fact exists whether she constituted an employee under Title VII or the Equal Pay Act. Thus,

the Court cannot entertain the merits of the Title VII and Equal Pay Act claims since

Prosper did not constitute an employee under either statute. Accordingly, the remaining

Title VII and Equal Pay Act claims against the Government are dismissed.

WHEREFORE, it is now hereby **ORDERED**:

*Diane Prosper v. Bureau of Corrections, et al.*
Memorandum Opinion and Order
1:17-cv-00020
Page 18

1. Defendant Government of the Virgin Islands' Motion for Summary Judgment (ECF No. 169) is **GRANTED**.

2. The remaining Title VII and Equal Pay Act claims against Defendant Government of the Virgin Islands are **DISMISSED**.

3. The Clerk's Office is directed to close the case.

ENTER:

Dated: May 21, 2021                    /s/ George W. Cannon, Jr.
                                       GEORGE W. CANNON, JR.
                                       U.S. MAGISTRATE JUDGE